Nelson PETERSON, Deceased, Plaintiff,

and

Juanita Peterson, et al., Appellants,

v.

ST. JOSEPH WATER
COMPANY, Respondent.

No. WD 43264.

Missouri Court of Appeals,
Western District.

Feb. 5, 1991.

Joseph K. Houts, St. Joseph, for appellants.

James Robert Fischer, Kansas City, for respondent.

Before BERREY, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

A Workers' Compensation claim was filed by Nelson Peterson on February 24, 1981, for injuries occasioned by an accident on August 5, 1980, while he was an employee of St. Joseph Water Company (respondent). Mr. Peterson died November 18, 1983. The autopsy report determined the cause of Mr. Peterson's death to be "Acute myocardial infarction with severe disruption of the conducting system."

This appeal arises from an Amended Workers' Compensation claim filed by Nelson Peterson's wife, Juanita Peterson and his two children (appellants), following his death. The Administrative Law Judge (ALJ) awarded death benefits to appellants finding the accident of Nelson Peterson contributed to his death. The employer/insurer appealed to the Labor and Industrial Relations Commission (Commission) which entered a final award allowing compensation, but modified the award of the ALJ finding that the accident caused a 17.5% permanent partial disability of Nelson Peterson's body as a whole. Appellants sought review in the circuit court which affirmed the award of the Commission. From the affirmance by the circuit court appellants now bring the present appeal. Two points of error are raised, both of which, in substance, challenge the findings of the Commission.

The respondent, St. Joseph Water Company, correctly sets forth the following standard of review citing *Hutchinson v. Tri-State Motor Transit Co.*, 721 S.W.2d 158, 161 (Mo.App.1986):

On this appeal this court must determine if the award of the commission is supported by competent and substantial evidence on the whole record. All of the evidence and legitimate inferences therefrom must be viewed in the light most favorable to the award. This court may not substitute its judgment for that of the commission. The award may be set aside only if there is no competent and substantial evidence to support it or if the findings of the commission are clearly contrary to the overwhelming weight of the evidence. (Citations omitted).

With the foregoing standard in mind, the facts will follow.

At the time of the accident, August 5, 1980, Nelson Peterson was employed by St. Joseph Water Company as a laborer. On that date Mr. Peterson was filling in for vacations as a Filter Operator working the four to midnight shift. The accident occurred as Mr. Peterson was changing a 2,000 pound chlorine tank. He was connecting a new chlorine tank from which chlorine gas escaped and blew into his face, causing him to inhale the substance.

On August 6, 1980, Mr. Peterson consulted a Dr. Butler who diagnosed his condition as Pneumonitis; secondary to chlorine inhalation. Mr. Peterson saw Dr. Butler again on August 13 and August 20, following which he was referred to a Dr. Ames. Mr. Peterson consulted Dr. Ames on September 12, 1980. Dr. Ames treated Mr. Peterson on numerous occasions through September 23, 1983. The initial diagnosis by Dr. Ames was acute bronchiolitis incidental to noxious gas exposure, reportedly chlorine. Dr. Ames conducted five separate pulmonary studies of Mr. Peterson finding from these studies that Mr. Peterson had progressive diminution in lung function with the final interpretation being severe obstructive airway disease or emphysema. Dr. Ames was of the opinion that both emotional and physical stress was occasioned by Mr. Peterson due to this decrease in pulmonary function, that emotional stress had an effect on the heart or vascular system and that chronic obstructive pulmonary disease would aggravate a pre-existent or existent cardiovascular disease.

Mr. Peterson also sought treatment from a Dr. Bradley. He saw Dr. Bradley on July 30, 1979, a little less than a year before the accident, and was diagnosed with acute bronchitis, a temporary condition which creates an infectious inflammation or irritation of the breathing tubes causing a person to wheeze and to have trouble getting air in and out past these breathing tubes.

Mr. Peterson next saw Dr. Bradley on September 23, 1980, following the accident, and was diagnosed with chronic bronchitis and potential emphysema. Dr. Bradley saw Mr. Peterson on several occasions and performed four pulmonary function tests at various times which confirmed the diagnosis of chronic restrictive lung disease or emphysema, a permanent condition, which is an actual destruction of breathing tissue, causing large pockets of air to remain in the lung for various periods.

Dr. Bradley explained that emphysema caused decreased ability of the lungs to provide oxygenation to the entire body, thus placing additional strain on the heart. Dr. Bradley was of the opinion that the severe emphysema contributed, if not caused, the death of Mr. Peterson, "on top of the heart attack he was having at that time."

Dr. Davia was called on behalf of respondents and based his opinions on the records of the doctors who treated Mr. Peterson and on hospital records. It was the opinion of Dr. Davia that Mr. Peterson's death was caused by left side heart failure. He testified that Mr. Peterson had severe coronary artery disease that went undetected and, as in this case, can cause sudden death. According to Dr. Davia, the coronary artery disease caused a narrowing of Mr. Peterson's artery. A blood clot formed, blocking the flow of blood to the heart, leading to his sudden death. In Dr. Davia's opinion, based on reasonable medical certainty, Mr. Peterson's death was caused by coronary artery disease and neither the emphysema nor the stress caused or contributed to cause the death.

■ Appellants' point one avers that the award of the Commission is contrary to the admitted facts established by the evidence and contrary to the weight of the evidence. Point one is separated into four subpoints which allege as follows:

A. The majority opinion of the Commission failed to recognize that the injury sustained by Nelson Peterson was emphysema and not chronic bronchitis.

B. The majority opinion of the Commission misinterpreted the pulmonary studies.

C. Emphysema caused stress to Mr. Peterson.

D. Mr. Peterson's emphysema resulting from his accident on August 5, 1980, caused him emotional stress and strain which aggravated his cardiovascular disease and contributed to his heart attack and death.

The four subpoints are taken up together as they can be disposed of upon the same legal principles.

The record reveals that appellants did in fact present evidence to support each of the above subpoints. However, the Commission, as indicated by its findings, chose not to believe certain evidence presented by appellants. The Commission found that Mr. Peterson died of sudden death from coronary artery disease, that the respiratory problems did not cause, contribute to or aggravate the coronary artery disease and resulting heart attack. The Commission found the "expert testimony of Dr. Davia persuasive." On the other hand, the Commission found that:

The theories of [appellant's] doctors were inconsistent with each other, and their studies were likewise not consistent even in regard to lung capacity during the same periods of time. The Commission rejects the findings and conclusions of Dr. Bradley and Dr. Ames regarding the role of respiratory problems in the death of Nelson Peterson.

The resolution of conflicts in the evidence is designated to the Commission. *Hutchinson*, 721 S.W.2d 158, 161. Likewise, the Commission is charged with the responsibility of passing upon the credibility of all witnesses and may disbelieve testimony of a witness even if no contradictory evidence is presented. *Id.* As previously stated, appellants clearly presented evidence to support their theory of the case. There was, however, no obligation or requirement that the Commission accept said evidence as true. Further, this court must disregard any evidence which might support a finding different from that of the Commission and it is true although a finding of the Commission to the contrary would have been supported by the evidence. *Hutchinson*, 721 S.W.2d 158, 161.

In view of the foregoing, this court is not at liberty to substitute its judgment for that of the Commission and cannot, therefore, find other than did the Commission for any of the reasons set forth by appellants. Point one is denied.

■ In point two, appellants allege that the Commission failed to follow the rule of law that where an employee is engaged in an employment that is within Workers' Compensation coverage, and death occurs, and is attributable to a condition of the employee's heart, compensation may be awarded if the heart condition was aggravated by an accident sustained in the course of employment. As stated in point one, the Commission disbelieved appellants' evidence that Mr. Peterson's respiratory problems caused, contributed to or aggravated the coronary artery disease and resulting heart attack. Once again, the Commission was acting within the scope of its authority. For the same reasons set forth in point one, appellants' point two is ruled against them.

The award of the Commission upheld by the trial court is hereby affirmed.

All concur.