**R.L. MOORE and Sharon Moore, Respondents,**

**v.**

**Judy Kay DAHLBERG, Appellant.**

**No. WD 43749.**

Missouri Court of Appeals, Western District.

July 2, 1991.

Edward L. Campbell, Campbell & Benson, Kirksville, for appellant.

Jack Peace, Stockard, Andereck, Hauck, Sharp & Evans, Trenton, for respondents.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

TURNAGE, Judge.

R.L. Moore and his wife, Sharon, filed suit against Judy Kay Dahlberg for breach of contract. On failure of Dahlberg to file an answer, the Moores took a default judgment. Dahlberg thereafter filed a motion pursuant to Rule 74.05(c) to set aside the default. The court denied the motion and Dahlberg contends that she made the requisite showing of good cause and a meritorious defense. Reversed and remanded.

In January, 1983, the Moores entered into a contract for deed with Judy Dahlberg and her husband, George, for the sale of real estate located in Grundy County. The purchase price was $31,500.00 and after a down payment the balance of $27,641.00 was to be paid at the rate of $350.00 per month until February, 1988, when the entire balance was due. The contract contained a clause that if the Dahlbergs failed to make any payment for a period of 20 days beyond the due date the Moores at their option could consider the contract null and void, re-enter the property, and keep the payments which had been made by the Dahlbergs as liquidated damages. The contract stated that actual damages were difficult, if not impossible, to ascertain. The contract also gave the Moores the option to retain the payments made by the Dahlbergs as fair and reasonable rental for the time the Dahlbergs had possession.

The contract further provided that the Moores would deposit a warranty deed in escrow to be delivered to the Dahlbergs when payment had been completed. The contract also provided the Dahlbergs would execute a quit-claim deed to be held in escrow and delivered to the Moores if the Dahlbergs defaulted in complying with the contract.

In February, 1990, the Moores filed suit against Judy Dahlberg and alleged the execution of the contract and attached a copy thereto. The petition alleged the Dahl-bergs had breached the contract by failing to make payments when due and that there was $26,567.00 due under the contract and prayed judgment in that amount. No allegation was made as to the amount paid nor was there any allegation concerning the deeds placed in escrow.

Judy Dahlberg failed to file an answer and on March 26, 1990, the court entered a default judgment against her in the amount of $26,567.00 plus interest. On April 24, 1990, the Moores filed their application for execution on the judgment and on April 26 the sheriff of Grundy County gave notice that he had levied on the real estate described in the contract between the Moores and the Dahlbergs under a general execution to satisfy the sum of $27,552.00.[1]

On May 21, 1990, Judy Dahlberg filed a motion to set aside the default. The motion alleged that Dahlberg had a meritorious defense under the liquidated damage provision of the contract and good cause existed to set aside the judgment because Dahlberg suffered from a nervous condition that made it difficult for her to understand and act on legal matters. Suggestions in support of the motion stated the defense was that the contract gave the Moores the right to retain payments made as liquidated damages and this was their exclusive remedy.

The court held two hearings on the motion to set aside and received a number of affidavits in support of the motion but did not hear any live testimony. A psychiatrist filed an affidavit in which he stated that he had examined Judy Dahlberg and that it was his opinion that Judy "is unable to receive and evaluate information or to communicate decisions to such an extent that Judy Kay Dahlberg lacks the competency to comprehend her responsibilities with regard to legal proceedings and other matters of a similar nature in her day to day life." The court also received affidavits from the mother and father of Dahlberg. Each stated in their affidavit that Judy had

1. It does not appear that the Moores had the Dahlberg quit-claim deed recorded prior to the issuance of the execution.

suffered mental and/or emotional problems since the death of her husband George in February, 1984. Each stated that they believed that Judy did not file responsive pleadings to the lawsuit because she did not have the emotional or mental stability to fully understand the consequence of her failure to respond.

Rule 74.05(c) requires that a motion to set aside a default state facts constituting a meritorious defense and show good cause for the default to be set aside. Setting aside a default judgment is left to the discretion of the trial court and an appellate court will interfere only on a showing of an abuse of discretion. *Robson v. Willers*, 784 S.W.2d 893, 894[1–3] (Mo.App. 1990). The discretion not to set aside a default is much narrower than the discretion to set aside. *Id.* In other words an appellate court is much more likely to reverse a judgment which fails to set aside a default than it is a judgment which sets aside a default.

In order to show a meritorious defense, a defendant is not required to present extensive evidence or a full blown defense but is required to make some showing of at least an arguable theory of defense. *Robson* at 895. Here, the contract was before the court and the defense raised in the motion to set aside the default was that the contract provided that the Moores would retain all payments made as liquidated damages in the event of a default on the part of Dahlberg. It is alleged that the Moores are seeking to retain the amount Dahlberg has paid and recover damages for breach of contract. The theory asserted is that the Moores' exclusive remedy is to retain payments made as liquidated damages. It was contended the Moores could not sue for damages for breach of contract and at the same time have the benefit of liquidated damages.

In *Arnett v. Keith*, 582 S.W.2d 363, 365–66[6, 7] (Mo.App.1979), the court stated: "If a provision for liquidated damages is valid, the stipulated amount forms the measure of damages in case of a breach, and recovery must be for that amount, even though the actual loss may be greater or less." Applying this rule to the facts in this case shows that Dahlberg has at least the arguable defense that the Moores' only remedy is to retain the amount paid as liquidated damages.

The affidavit of the psychiatrist together with the affidavits of Dahlberg's parents revealed that Dahlberg was suffering from mental or emotional problems which prevented her from fully comprehending the consequence of failing to take any action after the petition and summons in the Moores' suit against her was served upon her. This satisfied the good cause requirement of Rule 74.05(c) and showed that the conduct of Dahlberg was not intentionally or recklessly designed to impede the judicial process.

The requirements of Rule 74.05(c) were met by Dahlberg and the court abused its discretion in refusing to set aside the default judgment. The judgment is reversed and this cause is remanded with directions to set aside the default judgment entered on March 26, 1990.

All concur.