Brian L. **SCHULTE**, Respondent,

v.

**VENTURE STORES, INC.**, Appellant.

No. 61089.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 2, 1992.

Eugene K. Buckley, Gerre Strehlman Langton, Evans & Dixon, St. Louis, for appellant.

Lee R. Elliott, Troy, for respondent.

CRIST, Judge.

Plaintiff was injured when he fell off Defendant's ladder while installing telephone cables at one of Defendant's stores. Defendant failed to appear for trial on a day set by the trial court in accordance with its normal trial procedures. A hearing was held in the absence of Defendant and its lawyer, and a judgment in the sum of $50,000 was entered against Defendant. Defendant appeals from the judgment and the denial of its motion to set aside the judgment and for new trial. We reverse and remand.

A chronology of events leading up to the entry of the judgment may be helpful:

8–8–89—Petition filed.

9–13–89—Answer filed.

9–15–89 through 10–16–90—Plaintiff and Defendant concerned themselves with interrogatories.

4–3–91—Plaintiff filed his certificate of readiness for trial.

5–28–91—Plaintiff requested a change in judge and obtained a vacation of a June 18 trial setting.

8–5–91—Defendant's and Plaintiff's lawyers appeared for July Law Day call. No announcement was made by either lawyer as to a trial setting.

9–91—Defendant's lawyer did not appear for September Law Day call and the case was set for trial on October 1, 1991.

9–9–91—A general trial calendar was mailed to Defendant's lawyer. It included a specific setting of the case for October 1, 1991. Defendant's lawyer inadvertently failed to see the calendar and the secretary inadvertently failed to enter the setting on their docket/calendar book.

9–9–91 through 10–1–91—Defendant's lawyer was not otherwise notified of the trial setting.

10–1–91—The case was called for hearing. There was no appearance by Defendant or its lawyer. The judgment was entered in favor of Plaintiff in the sum of $50,000. The trial judge had called the office of Defendant's lawyer at about 9:30 a.m. Defendant's lawyer returned the call at about 10:30 a.m., at which time Defendant's lawyer learned for the first time about the trial setting and the entry of the judgment.

10–15–91—Defendant filed motion to vacate/set aside the judgment and in the alternative a motion for a new trial.

10–30–91—Defendant's motions were denied.

Rules 74.05 and 78.01 are applicable to this case. The standard by which Defendant's conduct is to be judged is the "good cause" standard. *Gibson by Woodall v. Elley,* 778 S.W.2d 851, 854 (Mo.App.1989) (applying the standard to a 74.05 motion); *Brooks v. Brooks,* 800 S.W.2d 468, 470 (Mo.App.1990) (applying the standard to a motion considered under Rule 78.01).

Rule 74.05 is applicable herein because that rule applies where the party against whom judgment is entered has "failed to plead or otherwise defend." Rule 74.05(a). Defendant's attorney failed to "otherwise defend" when he failed to appear for trial. Rule 74.05(c) is as follows:

(c) When set aside. Upon motion *stating facts constituting a meritorious defense and for good cause shown,* an interlocutory order of default *or a default judgment* may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. *Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.* An order setting aside an interlocutory order of default or a default judgment may be *conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.* (Emphasis ours.)

This rule has broadened considerably the situations in which a court may find "good cause" for setting aside a default judgment. *McClelland v. Progressive Cas. Ins. Co.,* 790 S.W.2d 490, 493[3] (Mo.App.1990). The language of Rule 74.05(c) is analogous to Federal Rules of Civil Procedure 55(c). Federal courts have granted relief from a

default entry when the default was due to a mistake by counsel as to the applicable procedural rules. *Id.; see Brock v. Unique Racquetball and Health Club, Inc.,* 786 F.2d 61, 64 [1–3] (2nd Cir.1986).

The setting aside of a judgment has traditionally been at the sound discretion of the trial court, whose ruling will not be interfered with unless an abuse of that discretion is found. However, the discretion not to set aside a judgment is a good deal narrower than the discretion to set aside said judgment. Thus, Appellate courts are more likely to interfere when the trial court has denied the motion to set aside. *Moore v. Dahlberg,* 810 S.W.2d 730, 732[1] (Mo.App.1991); *Gibson,* 778 S.W.2d at 853–854.

■ An examination of whether or not the trial court abused its discretion in denying Defendant's motion is based upon: (1) whether facts constituting a meritorious defense were shown; and (2) whether good cause was shown, i.e., "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Gibson,* 778 S.W.2d at 854; *McClelland,* 790 S.W.2d at 493[3–5].

■ Defendant made a showing of good cause. The record reveals no intent on Defendant's part in the failure to appear. Defendant's lawyer appeared at the July Law Day call but made no appearance at the September Law Day call. He had no inkling that the case would be set for trial a few days hence. While Defendant's lawyer had to know that some order might have been made with reference to his case at the September Law Day, he might have been notified by Plaintiff, the court or any interested party that the case would be tried on October 1, 1991. The general trial calendar sent to Defendant lawyer's office was certainly notice of the trial setting. But again, not the kind of notice that would cause Defendant's lawyer to especially take note. There was legal notification of the trial setting. Defendant's lawyer was at fault for not being present to take some action on behalf of Defendant. However, within approximately an hour after a call from the court Defendant's lawyer re-

turned the call. Defendant's lawyer was certainly not recklessly indifferent to the situation. *Gibson,* 778 S.W.2d at 854–855; and *see Vaughn v. Ripley,* 416 S.W.2d 226, 229[5] (Mo.App.1967).

■ In order to show a meritorious defense, Defendant was not required to present extensive evidence or a full blown defense. Some showing of an arguable theory of defense is what was required. *Moore v. Dahlberg,* 810 S.W.2d 730, 732[2] (Mo.App.1991). In its answer, Defendant pled Plaintiff's injuries and damages were directly caused and contributed to by Plaintiff's own contributory negligence and fault. A defense of comparative fault encompasses acts or omissions which are in any measure negligent or reckless. *See Fletcher v. City of Independence,* 708 S.W.2d 158, 170[15] (Mo.App.1986). Plaintiff admitted he used a ladder which he had previously determined to be "wobbly/very wobbly." Defendant arguably had a meritorious defense.

Plaintiff incurred considerable attorney fees and expenses as a result of the default. Defendant should pay to Plaintiff reasonable attorney fees and expenses incurred as a result of its default. Rule 74.05(c).

Judgment reversed and remanded with the requirement the trial court shall determine, and Defendant shall pay the reasonable expenses and attorney fees incurred as a result of the default.

PUDLOWSKI, P.J., and STEPHAN, J., concur.