**Mary HOSKIN, Plaintiff–Respondent,**

v.

**YOUNGER CEMETERY CORPORATION, INC., Defendant–Appellant.**

No. 60558.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 8, 1992.

Kim B. Blankenship, St. Louis, for defendant-appellant.

John Joseph Hummel, St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

Virginia Lou Younger Johnson's personal representative appeals from the trial court's order denying his motion to set aside a default judgment entered against Younger Cemetery Corporation, Inc. ("Younger Cemetery"), and in favor of Mary Hoskin ("Hoskin"). We reverse and remand.

On June 9, 1989, Hoskin filed a two count petition against Younger Cemetery, d/b/a Washington Park Cemetery, seeking actual and punitive damages for negligent and intentional infliction of emotional distress resulting from her aunt's gravesite having been disturbed by the operation of heavy equipment over and upon the grave. Specifically, Hoskin alleged that her aunt's gravestone was missing and human bones were strewn about the area.

After two extensions of time, on August 30, 1989, Younger Cemetery's attorney filed a timely answer. Subsequently, on November 1, 1989, Hoskin's attorney filed a motion for sanctions alleging that: (1) Hoskin mailed interrogatories to Younger Cemetery; and (2) Younger Cemetery neither answered nor objected to the interrogatories within the time required by the Rules of Civil Procedure. On November 15, 1989, Younger Cemetery's attorney withdrew as counsel because Younger Cemetery's sole stockholder and only officer, Virginia Lou Younger Johnson, also known as Virginia Lou Younger ("Younger"), repeatedly failed to answer his letters or telephone calls. On July 5, 1990,

the trial court held a hearing regarding Hoskin's motion for sanctions. At that time, the court granted the motion and entered a default judgment against Younger Cemetery and in favor of Hoskin. The trial court continued the default proceeding until July 23, 1990. On July 23, 1990, the trial court entered a default judgment against Younger Cemetery in favor of Hoskin for $200,000 in actual damages and $200,000 in punitive damages.

Almost one year later, on July 3, 1991, Younger's personal representative filed a motion to set aside the default judgment. In that motion, the personal representative alleged that in going through Younger's unopened mail and affairs, he had just discovered that a default judgment had been entered against Younger Cemetery. He further alleged that the Secretary of State of Missouri dissolved Younger Cemetery Corporation, Inc. on November 23, 1989, for failure to maintain a registered agent. The personal representative also alleged that at the time the trial court entered the default judgment, and for eleven months prior, Younger, Younger Cemetery's president and sole shareholder, was suffering from extreme depression and other mental illnesses, making her unable to manage the corporation's affairs or defend Hoskin's suit against it. The personal representative stated that as a result of Younger's depression, severe mental and emotional distress and mounting personal and professional problems, Younger took her own life on January 29, 1991.

The personal representative explained that although Younger Cemetery retained counsel to defend Hoskin's suit, and counsel filed Younger Cemetery's answer, Younger was unable to comprehend the ramifications of Hoskin's lawsuit and the legal complexities involved. The personal representative stated that Younger failed to respond to counsel, forcing counsel to withdraw, and failed to open her mail from August 1989 until her death. The personal representative argued that although notice of the hearing date and default could be imputed to Younger Cemetery, because of Younger's mental state and her own failure to manage Younger Cemetery's affairs and

even open Younger Cemetery's mail, Younger Cemetery had no "actual" notice of the progress of Hoskin's lawsuit. The personal representative argued that Younger Cemetery's answer contained affirmative defenses which, because of Younger's mental and emotional problems, were never fully brought to the trial court's attention. Finally, he argued that Younger Cemetery had additional (but unspecified) meritorious defenses available to it, the damages awarded were excessive and not grounded in fact, and justice would best be served by setting the default judgment aside. On July 17, 1991, the trial court denied this motion.

The personal representative currently contends the trial court erred in failing to set aside the default judgment because all the requirements under Rule 74.05 were met, the judgment was excessive and unreasonable on its face, and the judgment was irregular on the face of the record under Rule 74.06.

■ Before considering the merits of this appeal, we must first address Hoskin's contention that the motion to set aside the default judgment against Younger Cemetery was not brought by a proper party to the lawsuit. For one to be a party to a civil lawsuit, that person must not only have some actual and justiciable interest susceptible of protection, but also must either be named as a party in the original pleadings or later be added as a party by trial court order under an appropriate rule or statute. *Parkhurst v. Parkhurst*, 799 S.W.2d 159, 160 (Mo.App.1990). Hoskin obtained the default judgment against "Younger Cemetery Corporation". However, Younger's personal representative filed the motion to set aside the default judgment alleging that the Secretary of the State of Missouri dissolved Younger Cemetery Corporation, Inc. on November 23, 1989, for failure to maintain a registered agent.

■ Despite a corporate forfeiture allegedly occurring prior to entry of the default, neither Hoskin nor Younger Cemetery requested that a substitution of parties be made, either before or after the entry of the July 29, 1990 default judgment. Under Rule 52.13, "[w]hen a corporation has been sued and served while in being, and is

thereafter dissolved or its charter forfeited, the action shall not be affected thereby and any judgment obtained shall have the effect of a judgment against the directors and officers in office when any such dissolution or forfeiture occurs, in their representative capacity, although they were not joined in the action." Thus, where a corporation is sued prior to forfeiture, the action is not affected by the lack of legal existence because the trustees succeed to the interest of the corporation by operation of law under § 351.525, RSMo 1986 (repealed 1991). *Mark Twain Electric, Inc. v. Yalem*, 825 S.W.2d 366, 368 (Mo.App.1992).

■ Assuming that: (1) the Secretary of State dissolved Younger Cemetery Corporation, Inc., prior to the entry of the default judgment; and (2) Younger was the president and sole shareholder of Younger Cemetery, then the default judgment entered against Younger Cemetery is now against Younger, as statutory trustee for Younger Cemetery.

■ As a statutory trustee, Younger is liable for the debts of the corporation to the extent property and effects of the corporation came into her hands. Section 351.525(4) RSMo 1986 (repealed 1991); *Stan Cushing Constr. v. Cablephone, Inc.*, 816 S.W.2d 293, 295 (Mo.App.1991). When officers and directors continue to operate the business after forfeiture, individual liability may be imposed upon them. *Bodine Aluminum Co. v. Mitauer*, 776 S.W.2d 485, 487 (Mo.App.1989). Therefore, the possible liability of Younger was not only in her representative capacity as statutory trustee of the Younger Cemetery, now defunct, but also in her individual capacity. Since her death, after the conclusion of Hoskin's lawsuit by entry of the default judgment, a personal representative was appointed to represent Younger's estate. To the extent that any claim can be maintained against Younger's estate as a result of the default judgment, the personal representative is entitled to challenge the default, because Younger's estate is aggrieved. The personal representative's failure to effect a substitution is not fatal to his right to challenge the default judg-

ment. Although the personal representative was not a party to the underlying action, Younger did not die until January 29, 1991, well after the July 23, 1990 default judgment had become final and the time for appeal had expired. Both Rule 52.13(a) and § 507.100.1, RSMo 1986, govern the procedure and authority of a court to order substitution for a deceased party to *pending litigation,* when the claim is not extinguished by death. *Gardner v. Mercantile Bank of Memphis,* 764 S.W.2d 166, 168 (Mo.App.1989) (Emphasis added). If Virginia Younger had died during the *pendency* of the underlying action, it is clear that the failure to file suggestions of death and moving for substitution of parties pursuant to Rule 52.13(a) would have required dismissal without prejudice. However, by the time the personal representative filed the motion to set aside the default judgment, the earlier litigation was no longer pending. The motion to set aside the default judgment was in the nature of an independent action. Therefore, we conclude that the personal representative was a proper party with an actual and justiciable interest susceptible of protection.

We turn now to the merits of this appeal: Was the trial court's denial of the motion to set aside the default judgment proper? Rule 74.05(c) prescribes the circumstances which permit the setting aside of a default judgment. At the outset, we observe that, strictly speaking, this is not a true default judgment. Younger Cemetery's attorney filed an answer. He, however, took no further action and withdrew shortly thereafter because of Younger's failure to cooperate or communicate with him. Rule 74.05 remains applicable, however, because that Rule applies where the party against whom judgment is entered has "failed to plead or otherwise defend." Rule 74.05(a); *Schulte v. Venture Stores,* 832 S.W.2d 13, 14 (Mo.App.1992). Younger Cemetery failed to "otherwise defend" when it repeatedly failed to answer discovery, respond to sanctions, or appear at the default hearing. *Accord Schulte,* 832 S.W.2d at 14.

Rule 74.05(c) provides:

Upon motion stating facts constituting a meritorious defense and for good cause

shown, ... a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside ... a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

The setting aside of a judgment has traditionally been at the sound discretion of the trial court, whose ruling will not be interfered with unless an abuse of discretion is found. *Schulte,* 832 S.W.2d at 15. However, the discretion not to set aside a judgment is a good deal narrower than the discretion to set aside said judgment. *Id.* The reason given for such a directive is the distaste our system holds for default judgments. *Gibson by Woodall v. Elley,* 778 S.W.2d 851, 854 (Mo.App.1989). Appellate courts favor a trial on the merits rather than default, particularly when a substantial defense exists. *Plybon v. Benton,* 806 S.W.2d 520, 524 (Mo.App.1991). Thus, appellate courts are more likely to interfere when the trial court has denied the motion to set aside. *Schulte,* 832 S.W.2d at 15.

A determination whether the trial court abused its discretion in denying a motion to set aside the judgment is based upon whether: (1) facts constituting a meritorious defense were shown; and (2) good cause was shown, i.e. "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* (citing *Gibson by Woodall,* 778 S.W.2d at 854 and *McClelland v. Progressive Cas. Ins. Co.,* 790 S.W.2d 490, 493 (Mo.App. 1990)).

The record is not clear whether the trial court held a hearing on the motion to set aside the default judgment. The court's judgment and docket sheet simply states: "motion called, heard and denied." The only transcript filed with us is from the July 23, 1990 hearing. Under the hold-

ing in *Boatmen's First National Bank v. Krider,* 802 S.W.2d 531, 532 (Mo.App.1991), which relied on *McClelland v. Progressive Cas. Ins. Co.,* 790 S.W.2d 490, 492 and *State ex rel. King v. Huesemann,* 776 S.W.2d 488, 491 (Mo.App.1989), an evidentiary hearing is necessary when a motion to set aside a default judgment under Rule 74.05(c) is filed which meets the pleading requirements of the rule. The reason for requiring a hearing is that the movant bears the burden of proof to convince the court of the existence of the grounds required by the rule to set aside the judgment. *Boatmen's First National Bank,* 802 S.W.2d at 532. A hearing provides the opportunity to prove the matters set forth in the motion. *Id.* Of course, the pleadings must, at a minimum, facially satisfy Rule 74.05(c). Here, the motion to set aside the default judgment, albeit somewhat conclusory and not accompanied by supporting affidavits as in *Boatmen's First National Bank,* was sufficient to entitle the personal representative to a hearing.

As in *Boatmen's First National Bank,* we express no view on the merits of the motion. We confine our holding to the fact that the motion and previously filed answer facially meet the pleading requirements of Rule 74.05(c), thereby requiring the trial court to hold a hearing prior to rendering its ruling. It will be up to the fact finder to decide whether the personal representative is entitled to relief after the evidentiary hearing is held.

The trial court's judgment is reversed and this cause is remanded for further proceedings so that the trial court may determine the propriety of its default judgment given the mental disabilities of Younger Cemetery's president and sole shareholder and her resulting failure to cooperate with the Younger Cemetery's attorney.

PUDLOWSKI, P.J., and CRIST, J., concur.