**John A. GANTZ, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent/Appellant.**

No. 62737.

Missouri Court of Appeals,
Eastern District,
Division One.

July 27, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent/appellant.

James M. Daly, Franklin H. Albrecht, St. Louis, for petitioner/respondent.

REINHARD, Judge.

Director appeals from the trial court's denial of his motion to set aside a default judgment entered by the court against him.

We reverse in part; reverse and remand in part.

On March 5, 1992, petitioner was arrested for driving while intoxicated; pursuant to § 302.510, RSMo Supp.1991, the arresting officer served petitioner with notice that his driver's license would be suspended. After an administrative hearing, the Director sustained the issuance of the notice of suspension.

On May 14, 1992, petitioner filed a petition for review in the circuit court. Summons was served upon the Director on June 11, 1992. No entry of appearance or answer was filed with the court. On August 10, 1992, the court entered a default judgment against the Director. The judgment set aside the suspension of petitioner's driving privileges and ordered Director to reinstate his license.

Director filed a motion to set aside the default judgment which alleged facts constituting a meritorious defense and further averred that "[Director] ha[d] acted in good faith with regard to [the] matter and [the] motion [was] not intentionally or recklessly designed to impede the judicial process." Attached to the motion were an Alcohol Influence Report; a Record of Arrest; an answer and cover memo, dated June 22, 1992, and signed by Jeffrey R. Dahl, counsel for the Department of Revenue; a copy of the default judgment; and the affidavit of Doris Brady, a legal secretary at the Department of Revenue.

In her affidavit, Ms. Brady stated that on June 22, 1992, she prepared an answer, cover memo and certificate of service in the case of John A. Gantz v. Director of Revenue. She related that after Mr. Dahl had signed these documents, she had mailed the originals to the "St. Louis County Courthouse—Fran Kirkwood—Civil Control—Room 216, 7900 Carondolet, Clayton, Missouri 63105", and mailed copies to petitioner's attorney. She further stated that none of the items mailed were returned by postal authorities. The court entered an order denying Director's motion, but did not state the basis for its decision.

■ Although appellate courts favor trial on the merits rather than default, the trial court is vested with broad discretion regarding a motion to set aside a default judgment and its decision will not be disturbed absent an abuse of that discretion. *Courtin v. McGraw Constr. Co.*, 639 S.W.2d 286, 288 (Mo.App.1982). However, the discretion not to set aside a default judgment is significantly narrower than the discretion to set aside such a judgment. *Moore v. Dahlberg*, 810 S.W.2d 730, 732 (Mo.App.1991). Thus, we are much more likely to reverse a judgment which fails to set aside a default than we are a judgment which sets aside a default. *Id.*

The setting aside of a default judgment is governed by Rule 74.05(c), which provides:

> (c) **When Set Aside.** Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

■ Our examination of whether the trial court abused its discretion in refusing to set aside the default judgment is based upon two considerations: (1) whether the Director pled facts constituting a meritorious defense; and (2) whether the Director established good cause for setting aside the judgment. *Schulte v. Venture Stores, Inc.*, 832 S.W.2d 13, 15 (Mo.App.1992). New Rule 74.05 has broadened considerably the situations in which a court may find "good cause" for setting aside a default judgment. *Id.* at 14 (citing *McClelland v. Progressive Casualty Ins. Co.*, 790 S.W.2d 490, 493[3] (Mo.App.1990)).

On appeal, Director contends that the trial court erred in denying his motion because he had complied with the dictates of Rule 74.05(c) in that he had shown good cause and the motion stated facts constituting a meritorious defense. Petitioner challenges Director's argument on the issue of whether good cause was shown.

In support of his contention, Director cites a series of cases where the appellate court found that good cause was shown and thus reversed a trial court's decision not to set aside a default judgment. *Schulte v. Venture Stores, Inc.*, 832 S.W.2d 13 (Mo.App.1992); *Moore v. Dahlberg*, 810 S.W.2d 730 (Mo.App.1991); *Plybon v. Director of Revenue*, 806 S.W.2d 520 (Mo.App.1991); *Gibson by Woodall v. Elley*, 778 S.W.2d 851 (Mo.App.1989). Petitioner recognizes these cases, but argues that the trial court chose not to believe Ms. Brady's statements supporting good cause and asserts that we must accept the trial court's judgment on this issue.

■ The general rule is that a trial court is free to believe or disbelieve statements made in affidavits offered as evidence on motions. *See Ray v. Lake Chevrolet–Oldsmobile, Inc.*, 714 S.W.2d 928, 931 (Mo.App. 1986). In *Cloyd v. Cloyd*, 564 S.W.2d 337 (Mo.App.1978), Judge Gunn stated:

Our courts have held that facts contained in affidavits accompanying motions are competent evidence and, if believed by the trial court, will support a judgment. Nevertheless, our courts have long held that the trial court when acting as the trier of fact may disbelieve the testimony of any witness. "The trial court in a court-tried case is the arbiter of the facts; it may believe or disbelieve oral evidence and the fact that the testimony is uncontradicted is not in any way decisive." If, then, under Missouri law, the trial court may disbelieve in-court testimony, a fortiori an affidavit may be similarly treated. (Citations omitted).

*Cloyd*, 564 S.W.2d at 343.[1]

The most recent opinion discussing the issue of affidavit evidence adduced on motions is the Southern District's case of *McClelland v. Progressive Casualty Ins. Co.*, 790 S.W.2d 490 (Mo.App.1990). In *McClelland*, as here, the proceeding appealed from was a motion to set aside a default judgment wherein the movant had based her "good cause" argument upon an affidavit. There, Judge Hogan stated that "[t]he [trial] court was, of course, free to believe or disbelieve the statements made in the affidavit, but the trial court appears to have accepted the affiant's statements as true with some reservation whether the affidavit established 'good cause' within the meaning of Rule 74.05(c)." *Id.* at 493 (citations omitted).

■ In the case at bar, Petitioner does not dispute that Director alleged a meritorious defense, and we conclude that the facts alleged in Ms. Brady's affidavit, if believed by the trial court, would constitute sufficient evidence to meet the good cause prescriptions of Rule 74.05(c). We are confronted, however, with an order from the trial court which did not specify the reason(s) for denying Director's motion. Thus, we cannot determine if the trial court based its decision on a lack of good cause, a failure to allege a meritorious defense, or both.

We have the authority to set aside the denial of Director's motion, as was done in *Ray*. *Ray*, 714 S.W.2d at 931. However, under the circumstances here, we conclude that justice would be better served if this case was remanded to the trial court for an evidentiary hearing on the motion to set aside the default judgment.

■ The Director also challenges the trial court's assessment of court costs against the State. Petitioner concedes in

---

1. Rule 55.28, which concerns itself with evidence adduced on motions, is identical to Rule 43(e) of the Federal Rules of Civil Procedure. In *Cloyd*, Judge Gunn acknowledged that federal courts have consistently interpreted Rule 43(e) as providing "that where facts contained in affidavits are not controverted they are deemed admitted for purposes of the motion." *Cloyd*, 564 S.W.2d at 343. Our research reveals that the Missouri Supreme Court has not specifically adopted this federal court interpretation.

his brief that this aspect of the court's order was erroneous. Absent a statute to the contrary, such costs are not recoverable from the State in its own courts; thus, the trial court erred in this regard. *Reed v. Director of Revenue*, 834 S.W.2d 834, 837 (Mo.App.1992).

Accordingly, we reverse and remand the trial court's refusal to set aside the default judgment for the purpose of conducting an evidentiary hearing, and reverse that portion of the court's order assessing costs against Director.

Judgment reversed in part; reversed and remanded in part.

AHRENS, P.J., and CRIST, J., concur.