**Jerry GARNER–ROE, Plaintiff/Respondent,**

v.

**Michael ANDERSON, Defendant/Appellant.**

No. 65969.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 28, 1995.

Donald Raymond Raney, II, Raney & Lauber, P.C., Edwardsville, for defendant/appellant.

Jerry Garner–Roe, pro se.

SMITH, Presiding Judge.

Defendant, Michael Anderson, appeals from the denial of his motion to set aside a default judgment rendered against him and in favor of plaintiff, Jerry Garner–Roe. Plaintiff sought to recover from defendant fees for the boarding, training, and grooming of a horse, Wanessia, alleged to be owned by defendant and allegedly delivered to plaintiff for boarding, grooming etc. We find the trial court abused its discretion in denying defendant's motion to set aside the default and remand for further proceedings.

Rule 74.05(d) provides that a default judgment may be set aside upon motion filed within one year after entry of the default judgment upon a showing of a meritorious defense and for good cause. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. Rule 74.06(b) provides for relief from a judgment on the basis of mistake, inadvertence, surprise or excusable neglect or from fraud (extrinsic or intrinsic), misrepresentation or other misconduct of an adverse party. A motion seeking relief under Rule 74.06(b) as to the allegations set forth above must also be filed within a year of the date of the judgment. The judgment here granted plaintiff a lien against the horse and determined the amount of the money owed subject to the lien to be $5600. The judgment was entered June 23, 1993. Subsequently the horse was sold at execution sale to plaintiff and Anne Garner, presumably his wife, for $603. Defendant's motion was filed February 10, 1994, well within the one year limitation period.

Suit was filed September 15, 1992. Defendant is a resident of Minnesota. He filed his answer through a Minnesota attorney on October 21, 1992. In his answer he alleged:

"... Defendant denies that Petitioner is entitled relief, and affirmatively alleges that [P]etitioner is in wrongful possession of Wanessia and that a similar proceeding has been commenced in the State of Minnesota, County of Anoka, to determine the true and correct owner of Wanessia, which was awarded to Defendant in the Divorce Decree, filed June 17, 1992, in the State of Minnesota, County of Anoka."

The cause was originally set for trial on December 16, 1992. It was on that date continued to March 10, 1993. On that date by memo signed by both plaintiff and defendant, both appearing pro se, the matter was continued generally. On April 16, 1993, plaintiff continued the case to June 23, 1993, for trial. On June 23, 1993, there was filed in Circuit Court of St. Louis County two letters addressed to defendant. The first, signed by plaintiff, advised of the court date, and was dated May 15, 1993. It carried a certificate of service stating that the undersigned mailed a copy of the letter to defendant. No signature appears as part of the certificate of service, only the initials T.O. The second letter again signed by plaintiff, was dated June 11, 1993, and repeated that the matter would be heard on June 23, 1993. It bore no certificate of service. Attached to it was a certified mail receipt signed by Mike Anderson indicating a date of delivery of June 16, 1993.

Defendant filed an affidavit in support of his motion to set aside the default judgment. Attached thereto were a number of exhibits. Defendant stated in his affidavit that on or about June 17 he received a certified envelope from plaintiff. The envelope was empty. He contacted his Minnesota attorney advising her of the empty envelope. He also submitted her affidavit as an exhibit. In it she stated that on June 21, 1993, she mailed a letter to an attorney representing plaintiff in a suit in Minnesota against defendant, and that letter was in response to defendant's advice to her that he had received the empty envelope. The letter indicated that Ms. Thompson (defendant's attorney) had received a call from defendant on June 17 informing Ms. Thompson that he had received an empty certified envelope from plaintiff. Ms. Thompson requested that plaintiff's attorney contact his client "to see whether or not he intended to serve something upon my client and inform him that he did not." There was no response to this letter. In response to defendant's affidavit and exhibits in support of the motion to set aside, plaintiff filed a "sworn statement" sworn to and signed before a notary public on March 16, 1994. The signature was "Theodore A. Orr". He states that he mailed a letter of May 15 to defendant notifying him of the trial setting of June 23. He further stated that he also placed the June 11 letter in an envelope and sent it certified to defendant. Nowhere in the sworn statement or in any other documents filed by plaintiff is Mr. Orr identified, is his connection with plaintiff revealed, is his reason for mailing the letters indicated, nor does it even appear that he is an adult. The notary does not indicate that she knows who Mr. Orr is or that he is the person who appeared before her.

In addition to the information concerning the notice, defendant also stated information concerning the merits of the lawsuit backed up by numerous exhibits. Included was a divorce decree rendered by a court in Minnesota relating at length various misconduct by defendant's wife who was at the time of the divorce living with plaintiff in Missouri and whom the record inferentially seems to indicate is now married to plaintiff. At any rate she lives at the same address. Included in the recitations of the divorce decree is that the wife purported to sell to plaintiff several horses acquired with marital funds including Wanessia. Defendant's affidavit alleged that when he was out of town on business, plaintiff, using a plane ticket purchased with defendant's credit card, came to Minnesota and helped the wife move much of the personal property out of the home as well as removing the horses. Attached as an exhibit to his affidavit was a bill of sale dated October 1, 1991 to "Mr. Jerry Garner–Roe, 1515 Flora Del, Fenton, Mo." (plaintiff's address) selling to him four horses, including Wanessia, for $6,000. The bill of sale is on the stationery of the Anderson Appaloosa Farm "Michael and Anne Anderson". The signature of the seller is not legible but in his affidavit defendant states that he and his wife were still married at the time and that he did not participate nor was he aware of the sale of the horses although they were registered in his name. An additional bill of sale dated December 10, 1991, conveyed to plaintiff a substantial amount of horse farm equipment for $400. The bills of sale bear the signature of Jerry Garner–Roe and that signature bears considerable similarity to the signatures of plaintiff on the alleged notice letters.

The divorce decree awards ownership of Wanessia to defendant and places its value at time of purchase at $3,000.

The divorce decree was obtained following service by publication on wife after fruitless attempts to serve her personally in St. Louis County at the plaintiff's address. The decree finds that wife made purchases on defendant's credit cards, which she removed from a safe on the homestead near or after the time she separated from defendant, in amounts exceeding $10,500. Many of those purchases were made in the St. Louis area.[1] The court further found additional debt incurred by wife in her and defendant's name without defendant's consent in amounts exceeding $20,000. We do not suggest that plaintiff is bound by the findings in the divorce decree. But in evaluating defendant's motion to set aside the default it must be realized that a judge in Minnesota has found defendant sufficiently credible to have based 28 pages of findings of fact, conclusions of law and judgment on defendant's testimony and the exhibits he produced at the hearing.

Also in the record on appeal is the first amended complaint in an action brought in Minnesota by plaintiff against defendant and which judging by defendant's answer in this case was pending at the time plaintiff brought this action in Missouri. That complaint alleges that on October 1, 1991 (which corresponds with the bill of sale previously discussed), plaintiff purchased from the Anderson Appaloosa Farm seven horses. Subsequently, in the complaint Wanessia is identified as one of the horses purchased. It further alleges that defendant disputed the ownership and possession of the horses in plaintiff and refused to allow plaintiff to remove the horses from defendant's property. Subsequently in the complaint plaintiff alleges that "as a result of Michael Anderson's continuing claim to ownership of the Arabian mare Wanessia, plaintiff has been forced to refund the purchase price [to another person] and retake possession of the Arabian mare Wanessia, and has lost profits in an amount in excess of $3,000.00."

To warrant setting aside a default judgment under Rule 74.05(d) defendant must show a meritorious defense and good cause. The meritorious defense is clearly shown. Plaintiff has filed suit in Minnesota claiming he purchased and now owns Wanessia and has the horse in his possession. If he is the owner then he is not entitled to boarding, grooming and other fees from defendant. Defendant has a divorce decree which awards him ownership of the horse and has alleged that plaintiff conspired with defendant's then wife to take the horse without defendant's consent from defendant's property and relocate it on plaintiff's property in Missouri. If that is true then plaintiff can make no claim to boarding fees etc. for they were incurred without the request or consent of the defendant and in fact contrary to his wishes. In other words, the horse was stolen either by wife or plaintiff or both. Plaintiff does not challenge the allegations of defendant's motion and exhibits thereto as to the ownership of the horse nor does he submit any documentation or allegations to support a claim he was requested to board the horse.

As to the issue of good cause. It is apparent that whenever defendant was apprised of the trial setting he or an attorney representing him was present. He has alleged that he received no notice of the June 23 trial setting and that in fact the plaintiff fraudulently obtained a certified receipt by forwarding an empty envelope. The affidavit of his attorney supports this claim for it reveals that immediately upon receiving the envelope defendant contacted her and she advised plaintiff's Minnesota attorney of the empty envelope. Plaintiff challenges this assertion by the sworn statement of Theodore Orr who is unidentified in the record.

A motion to set aside a judgment is left to the sound discretion of the motion court and we do not interfere except for an abuse of discretion. *Moore v. Dahlberg*, 810 S.W.2d 730 (Mo.App.1991) [1]. For purposes of our decision it is only necessary to analyze the decision from the vantage of Rule 74.05(d). Our conclusion would not be different if analyzed from the vantage of Rule

---

1. Included was the purchase of a wedding dress and veil from Neiman–Marcus for $2,450, presumably for her marriage to plaintiff.

74.06(b). It is well settled that a defendant must have notice of a trial setting to satisfy due process considerations. In ruling in plaintiff's favor, the court below impliedly found that Orr's sworn statement was more credible than the affidavits of defendant and his attorney. Theodore Orr never appeared before the trial court and as indicated previously his status and even competence appear nowhere in the record. Where nothing in an affidavit establishes the reliability and veracity of the affiant, it is not possible for a judge to determine the veracity of the information given. *State v. Hammett,* 784 S.W.2d 293 (Mo.App.1989) [1]. Where facts are derived solely from affidavits and other written documents, the usual rule of deference to the trial court's assessment of credibility, which is based upon the superior opportunity of the trial judge to assess the credibility of the witnesses, does not apply. *Landmark Bank v. First National Bank in Madison,* 738 S.W.2d 922 (Mo.App.1987) [3, 4]; *Farmers and Merchants Insurance Company v. Harris,* 814 S.W.2d 332 (Mo.App.1991) [2, 3].

Appellate courts favor a trial on the merits rather than default, particularly where a substantial defense exists as is true here. Appellate courts are much more inclined to interfere with a motion court's decision to deny a motion to set aside a judgment than its decision to grant such motion. *Moore v. Dahlberg, supra; Plybon v. Benton,* 806 S.W.2d 520 (Mo.App.1991) [2, 3]. There is no indication in this record that defendant has intentionally or recklessly conducted himself so as to impede the judicial process. He filed his motion after plaintiff sought to register the decree in Minnesota. He has a strong defense. There is substantial evidence to support a conclusion that plaintiff has both procedurally and substantively practiced a fraud upon the court. We cannot condone such conduct.

Order denying motion to set aside judgment is reversed and cause is remanded with instructions to set aside the prior judgment and proceed with the litigation.

PUDLOWSKI and WHITE, JJ., concur.