**In re the Marriage of Billy Ray TYREE, Petitioner–Respondent,**

v.

**Mary Ellen TYREE, Respondent– Appellant.**

No. 22078.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 17, 1998.

Craig E. Hellmann, Washington, MO, Attorney for Appellant.

No Respondent's Brief filed.

SHRUM, Presiding Judge.

In this domestic relations case, Billy Ray Tyree (Husband) obtained a default judgment dissolving his marriage to Mary Ellen Tyree (Wife), dividing marital property, apportioning responsibility for debts, and denying maintenance or attorney fee award for either party. Fourteen days after the default was entered, Wife filed her initial verified motion in which she alleged the default judgment was obtained after Husband told her he had dismissed the case. She also pled that the decree was unconscionable and unfair in its division of marital property and marital debts. In a verified response, Husband moved to disqualify Wife's lawyer. Husband also denied most of Wife's allegations, including the claim that before the dissolution date he told Wife he had dismissed the dissolution case.

Twenty-seven days after the trial judge disqualified Wife's lawyer, Wife's present lawyer entered his appearance. Wife's new lawyer obtained leave to file an amended verified motion to set aside the dissolution decree. Accompanying the amended motion were Wife's affidavit, a proposed answer to Husband's dissolution petition, and a proposed counterclaim for dissolution of marriage. Husband filed no answer or other response to Wife's amended motion and other filings.

At a hearing attended by both parties on December 9, 1997, both lawyers presented "argument ... on the record." We are left to speculate about what went on at the hearing as we have no transcript of the proceeding. The trial court overruled Wife's motions with this docket entry:

> "12/9/97 Cause called. [Husband] appears by counsel, Ms. Eyerman. [Wife] appears by counsel, Mr. Hellmann. Parties announce ready on First Amended Motion to Set Aside Judgment and Decree. Argument of counsel on the record. Said Motion to Set Aside Judgment and Decree both original motion and amended motion is overruled and denied. Judgment herein entered on Aug. 5, 1997 is ordered to be final this date. Time is of the essence. [/s/] W.C. Seay."

Thereon, Wife appealed from the order denying her motion to set aside the default judgment. We reverse and remand with directions.

■ Initially, we must inquire, *sua sponte*, whether this court has jurisdiction to entertain this appeal. *McDonald v. Lohman*, 961 S.W.2d 126, 127 (Mo.App.1998).

> "[Such an inquiry] is not a matter of mere technical concern. Judicial integrity and restraint demand it. 'To avoid arbitrary discretion in the courts, it is indispensable that they should be bound by strict rules and precedents which serve to define and point out their duty in every particular case that comes before them.' *The Federalist Papers No. 78* (Alexander Hamilton). Courts, no less than the citizens they serve, must abide by the rules and precedents defining their jurisdiction. To do otherwise is to erode the very foundation of the rule of law."

*Committee for Educ. Equality v. State*, 878 S.W.2d 446, 450[1] (Mo.1994).

Here, we examine our authority to review because the trial court did not denominate the December 9, 1997, docket entry as a judgment. The usual requirement that a document or docket notation be "denominated" a "judgment" is found in Rule

74.01(a).[1] In *City of St. Louis v. Hughes*, 950 S.W.2d 850 (Mo.banc 1997), the court explained that Rule 74.01(a) was intended to clarify what constitutes a "judgment" within the meaning of §§ 511.020 and 512.020, RSMo 1994. *Id.* at 852–53. In that context, the *Hughes* court held that if a trial court makes a docket entry, signs a memorandum, or otherwise purports to enter a "judgment" without denominating the same as a "judgment," then there is no "final judgment" for purposes of appeal. *Id.*

Our authority to consider this appeal depends on whether the trial court's order overruling Wife's motion to set aside a default judgment is governed by Rule 74.01(a). If so, we lack jurisdiction and the appeal must be dismissed.

■ The *right* to appeal is statutory. *Hughes*, 950 S.W.2d at 852. The relevant statutory provision is § 512.020,[2] which provides:

"Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving any injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final ·judgment in the case *or from any special order after final judgment in the cause*; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case." (Emphasis added.)

*Hughes* tells us that "[a]bsent one of the exceptions expressly set out in § 512.020 . . . '[a] prerequisite to appellate review is that there be a final judgment.'" 950 S.W.2d at 852 (emphasis added) (quoting *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo.banc 1995)). We read the "exceptions" phrase in *Hughes* as a recognition that § 512.020 affords an aggrieved party in a civil case the right to appeal from some "orders" that are not "final judgments." Among others, *"any special order after final judgment in the cause"* is appealable under § 512.020; yet, such a "special order" is not a "final judgment" as the term is used elsewhere in § 512.020.

Because *Hughes* expressly declares that Rule 74.01(a) was intended only to clarify "what constitutes a 'judgment,'" 950 S.W.2d at 853, we are persuaded that the "denomination" requirement of Rule 74.01(a) is inapplicable here because the denial of a motion to set aside a default judgment is a "special order" within the meaning of § 512.020 and is, therefore, appealable. *See Bussiere's Adm'r v. Sayman*, 257 Mo. 303, 165 S.W. 796, 799 (1914)[3]; *Owens v. Owens*, 280 S.W.2d 867, 868–69 (Mo.App.1955). Thus, we conclude that we have jurisdiction.

■ In her first point, Wife argues that the trial court erred by overruling her motion to set aside the default judgment because her motion to set aside demonstrated good cause and the existence of a meritorious defense. Wife's motion to set aside the default judgment is grounded in Rule 74.05(d),[4] which, in pertinent part, states:

1. All rule references are to Missouri Court Rules (1997) unless otherwise indicated.

   Rule 74.01(a) provides:
   "(a) Included Matters. 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed. The judgment may be a separate document or included on the docket sheet of the case."

2. All references to statutes are to RSMo 1994 unless otherwise indicated.

3. *Sayman* appears to have been overruled to the extent that it held that there was no right of appeal from an order vacating a default judgment. *See Casper v. Lee*, 362 Mo. 927, 245 S.W.2d 132 (Mo.banc 1952); *Dennis v. Jenkins*, 422 S.W.2d 393, 396 n. 1 (Mo.App.1967). *Sayman* remains instructive and authoritative for the proposition for which we cited the case.

4. In 1987, the Missouri Supreme Court changed Rule 74.05 by adopting three new subsections, (a), (b), and (c). In 1993, the court redesignated subsection (c) as subsection (d) but did not alter the subsection's language. Accordingly, cases

"(d) When Set Aside. Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process."

Under this rule, a party to a dissolution case who seeks to have a default judgment therein set aside must do two things: First, the moving party must satisfy the pleading requirements of Rule 74.05(d), and, second, such party must show "good cause" for setting aside the dissolution judgment at an evidentiary hearing. *State ex rel. King v. Huesemann*, 776 S.W.2d 488, 491 (Mo.App. 1989). *See also Boatmen's First Nat'l Bank v. Krider*, 802 S.W.2d 531, 532 (Mo.App.1991)(citing *McClelland v. Progressive Casualty Ins. Co.*, 790 S.W.2d 490, 492 (Mo.App.1990)).

█ Generally, a trial court is vested with broad discretion in ruling whether to set aside a default judgment, and we will not disturb the trial court's ruling unless it has abused its discretion. *Bell v. Bell*, 849 S.W.2d 194, 197[1] (Mo.App.1993); *Gantz v. Director of Revenue*, 858 S.W.2d 793, 794[1] (Mo.App.1993). However, the trial court's discretion is notably limited in this case for two reasons. First, a trial court's discretion whether to set aside a default judgment in a divorce case is more restricted than in other cases because there is practically no such thing as a judgment by confession in a dissolution case. *Bell*, 849 S.W.2d at 198[2]. Also, courts dislike default judgments in dissolution cases because of our state's interest in the welfare of the parties. *Id.* at 198. Second, a trial court's discretion to deny a motion to set aside a default judgment is narrower than its discretion to grant such a motion. *Gantz*, 858 S.W.2d at 794[2]. As a result, we are much more willing to reverse an order *overruling* a motion to set aside a

default judgment than an order granting such a motion. *Id.*

When deciding whether a moving party has complied with the pleading requirements of Rule 74.05(d), courts examine the allegations set forth in the motion to set aside the default judgment and consider the contents of any accompanying materials such as affidavits, exhibits, and proposed answers. *Bredeman v. Eno*, 863 S.W.2d 24, 25[2] (Mo.App. 1993). Here, the trial court apparently found that Wife's motions, affidavit, proposed answer, and proffered counterclaim pleaded both good cause and a meritorious defense, as evidenced by the fact that the trial court afforded Wife a hearing on her motion.

█ We agree with the trial court's implicit finding that Wife's motion and other filings satisfied the pleading requirements of Rule 74.05(d). Thus, the trial court acted appropriately in granting Wife a hearing on her motion. However, it appears from the docket that the hearing consisted only of arguments by the parties' attorneys. After a movant has satisfied the threshold pleading requirements of Rule 74.05(d), the rule tacitly requires the trial court to conduct an *evidentiary* hearing in order to provide the movant with an opportunity to "show" good cause for setting aside the default judgment. *See Krider*, 802 S.W.2d at 532; *McClelland*, 790 S.W.2d at 492; *Huesemann*, 776 S.W.2d at 491. In this case, although the trial court granted a hearing on the motion, there is no indication in the record or elsewhere that it was an evidentiary hearing at which Wife had an opportunity to prove the allegations made in her motion.

Moreover, the trial court did not state a basis for overruling Wife's motion. In this respect, this case resembles *Gantz*. There, the eastern district of this court reversed the trial court's refusal to set aside a default judgment and remanded for an evidentiary hearing on the appellant's motion to set aside because the trial court failed to specify any reason or reasons for overruling the appellant's motion. *Gantz*, 858 S.W.2d at 795–796[5].

involving former Rule 74.05(c) are authoritative here. For simplicity, we refer only to Rule 74.05(d), even where we cite cases decided under former Rule 74.05(c).

Because we are unable to determine whether the trial court afforded Wife an *evidentiary* hearing, and because the trial court failed to state the basis on which it overruled Wife's motion, we reverse the trial court's order. Although we have the authority to set aside the default judgment, as we did in *Myers v. Pitney Bowes, Inc.,* 914 S.W.2d 835 (Mo.App.1996), and *LaRose v. Letterman,* 890 S.W.2d 347 (Mo.App.1994), we do not believe the circumstances of this case warrant such action because Husband, in his verified response to Wife's initial verified motion, denied most of Wife's allegations. Although Husband did not respond to Wife's amended verified motion, it is clear from his initial response that a number of facts alleged in Wife's original and amended motions are in dispute. Moreover, in its order, the trial court overruled both Wife's original and amended motions, which necessarily draws Husband's initial response into issue. Consequently, we remand the case to the trial court for an evidentiary hearing as was done in *Gantz.* Further, we direct the trial court to grant Husband leave, if he so requests, to file a response to Wife's amended motion to set aside the default judgment.

Wife, in her second and final point, also contends that the trial court erred in overruling her motion to set aside because she did not receive proper notice of the default hearing. Because we find Wife's first point dispositive, we need not address this contention.

Reversed and remanded with directions.

GARRISON, C.J., and BARNEY, J., concur.