**Harold B. ALTMAN, Plaintiff-Appellant,**

v.

**Kay WERLING and J. M. Werling, d/b/a
J. M. Werling and Sons, Salvors,
Defendants-Respondents.**

No. 9680.

Missouri Court of Appeals,
Springfield District.

May 7, 1974.

Robert W. Richart, Joplin, for plaintiff-appellant.

Charles M. Edwards, Blanchard, Van Fleet, Robertson & Dermott, Joplin, for defendants-respondents.

PER CURIAM:

October 25, 1973, plaintiff-appellant, Harold Altman, filed a petition in the Circuit Court of Jasper County seeking damages in the amount of $1,500 against defendants as a result of defendants' alleged failure to deliver title to sundry personalty contained in a trailer which plaintiff had purchased from defendants.

After due service of process on defendants, plaintiff obtained a default judgment December 13, 1973 against them for the amount sought in the petition on the basis of defendants' failure to plead or otherwise appear in the action. Defendants moved on January 11, 1974, to set aside this default judgment and the court sustained the motion. By record entry of January 11, 1974, the default judgment was set aside and the case returned to the court's active docket.

Plaintiff moved to reinstate the default judgment on January 28, 1974, and on January 31 this motion was overruled by the court. Plaintiff filed a notice of appeal in the cause purporting to appeal from the court's order setting aside the default judgment and from the order overruling plaintiff's motion to reinstate that judgment.

At the outset, it is incumbent upon this court to inquire, ex mero motu, into the grounds upon which our jurisdiction is predicated. "Even though none of the parties has objected to this court's jurisdiction, it is our duty to notice any such question sua sponte." P. I. C. Leasing, Inc. v. Roy A. Scheperle Const. Co., Inc., 489 S. W.2d 219, 221[1] (Mo.App.1972); Stubblefield v. Seals, 485 S.W.2d 126, 129[1] (Mo.App.1972).

The right of appeal in Missouri is purely statutory [Household Finance Corp. v. Seigel-Robert Plating Co., 483 S.W.2d 415, 416[2] (Mo.App.1972)], and in the absence of specific statutory authority no appeal will lie from a ruling which does not constitute a final disposition of the case. Johnson v. Great Heritage Life Insurance Co., 490 S.W.2d 686, 689[2] (Mo.App. 1973). Rule 81.05(a), V.A.M.R., provides that in the absence of after-trial motions or remedial action by the trial court, a judgment becomes "final" for appeal purposes upon the expiration of thirty days after its entry. "The trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time." Rule 75.01.

With respect to default judgments, Rule 74.05 says: "Such judgment may, for good cause shown, be set aside at any time before the damages are assessed or final judgment rendered, upon such terms as shall be just." It is apparent, upon the face of the record before us, that the default judgment involved herein was set aside within the thirty-day period following its entry. Such judgment thus could properly have been set aside upon the velleity of the trial judge " 'for any reason that may [have] occur[red] to him' ", Dennis v. Jenkins, 422 S.W.2d 393, 395[3] (Mo.App.1967), and no reason at all would have had to be stated for such action. O'Mara v. Gingrich, 424 S.W.2d 92, 94[1] (Mo.App.1968). In this posture, no appeal will lie from the order setting aside the default judgment "because there never [was] a final judgment." Diekmann v. Associates Discount Corporation, 410 S.W.2d 695, 697–698[1] (Mo.App.1966).

Accordingly, plaintiff's appeal must be dismissed.

It is so ordered.

All concur.