Jerome Joseph BRUEGGEMANN,
Plaintiff/Respondent,

v.

Delena Lynn ELBERT,
Defendant/Appellant.

No. 70854.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 27, 1997.

Peter B. Hoffman, Eric A. Ruttencutter, Kortenhof & Ely, St. Louis, for defendant/appellant.

Robert A. Zick, Zick & Voss, P.C., Washington, for plaintiff/respondent.

GERALD M. SMITH, Judge.

Defendant appeals from a judgment against her in the amount of $20,000 plus pre-judgment interest arising from an automobile accident. The judgment was entered when defendant and her counsel failed to appear at the scheduled trial time. We reverse and remand.

Plaintiff filed suit against defendant for injuries claimed to have been incurred arising from an automobile accident between the parties. The case was set for trial before a jury on March 20, 1996, at 9:00 a.m. Counsel for defendant was in communication with plaintiff's counsel throughout the week prior to trial concerning the upcoming trial. On March 18 defense counsel spoke with the trial judge concerning the possibility for settlement. He advised the judge that the case could not be settled, and the judge advised that he would call a jury for March 20. The judge also inquired whether the trial would be completed by 10 p.m. and counsel expressed his belief that it would be.

On March 20 at 9 a.m. plaintiff and plaintiff's counsel appeared for trial but defendant and defense counsel did not. At 9:15 the court made the following record:

"The record should reflect that it's 9:15, the 20th of March, 1996; that defense counsel was notified this trial would start at 0900; he has even caused to be served subpoenas asking the defense witnesses to be here at 0900; and there doesn't seem to be a defense lawyer or defendant here."

The court inquired whether plaintiff desired to put on evidence concerning damages. Plaintiff testified briefly and the court granted judgment for $20,000. The written judgment reflected the failure of defendant to appear.

On April 4, 1996, defendant filed motions for relief from the judgment under Rules 75.01, 74.06(b) and for a new trial under Rule 78.01. Attached to the motions was the affidavit of defense counsel. Counsel stated that because of a scheduling error made by him he believed the case was set for trial at 1:00 p.m. rather than at 9:00. He asked his client to meet him at the courthouse at 11:30 and he arrived at 11:00. Following discussion with his client he talked to court personnel and was advised that a judgment had been entered against his client. The court docket entries contain the following:

12:45 PM Defendant and counsel appear. Counsel stated he thought trial was at 1:30 PM. I asked him about his subpoenas requesting witnesses to appear at 9:00 AM and advised him they did not appear.[1] He asked what happened and I advised him judgment for plaintiff in the amount of $20,000. I also gave him his copy of docket entry which I had placed in mail. Counsel asked if Judge was here and I advised him he was not and that Judge was upset. Counsel appeared nervous and upset. He made a phone call, gathered his files and left courtroom.

In his affidavit defense counsel states that no attempt was made by plaintiff's counsel, the court or court personnel to contact him

---

1. The subpoenas were to medical record custodians and contained the advice "Do not come to court until called".

when he failed to appear. Plaintiff's counsel in his affidavit in opposition to defendant's motion did not deny that allegation. The court denied defendant's motions.

Rule 74.06(b) does not apply to this situation. It provides for relief from final judgments. The judgment here was not final at the time the motions were filed. The applicable motion is the one filed pursuant to Rule 75.01. That rule provides in pertinent part:

**75.01. Judgments, Control by Trial Court**

The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. . . .

█ This rule provides the least stringent standard for setting aside a judgment because it inheres while the trial court retains jurisdiction of the case. *Cotleur v. Danziger,* 870 S.W.2d 234 (Mo. banc 1994)[1]. It requires only a showing of "good cause" and does not require a showing of a meritorious defense (as required in Rule 74.05(d)) or that counsel's actions constituted "excusable neglect" (as required by Rule 74.06(c)) *Cotleur, supra.*

█ "Good cause" encompasses the occurrence of mistakes or conduct that is not intentionally or recklessly designed to impede the judicial process. *Schulte v. Venture Stores, Inc.,* 832 S.W.2d 13 (Mo.App.1992)[1] (overruled on other grounds in *Cotleur, supra*); *Gibson by Woodall v. Elley,* 778 S.W.2d 851 (Mo.App.1989) l.c. 854. In *Dattilo v. American Family Insurance,* 902 S.W.2d 361 (Mo.App.1995)[1] we addressed the concept of "good cause" as follows:

The term 'good cause', as used in this connection, is not susceptible of precise definition, but it was obviously coined to serve a remedial purpose in a matter addressed primarily to the conscience of the court and it should therefore be interpreted with commensurate liberality, not only to prevent a manifest injustice but to avoid a threatened one especially in cases tried without a jury where evidence on one side only is presented.

█ The setting aside of a judgment is traditionally within the discretion of the trial court, and that ruling will not be interfered with in the absence of an abuse of discretion. *Schulte, supra* at 15. However, the discretion not to set aside a judgment is a good deal narrower than the discretion to set it aside. Appellate courts are more likely to interfere when the trial court has denied the motion to set aside. *Id.*

█ The court here abused its discretion in denying defendant's motion under Rule 75.01. Nothing in the record indicates that counsel's mistake concerning the time of trial was intentionally or recklessly designed to impede the judicial process. Recklessness involves some element of deliberateness and of risk. *Gibson, supra.* Counsel arrived late because of a mistake. He was prepared to try the case when he arrived. He had been in communication with both plaintiff's counsel and the court shortly before the scheduled trial date and both knew he intended to try the case on March 20. He had subpoenaed witnesses for that day and he had his client come to the courthouse. The docket entry reflects that he was obviously upset when he learned of his mistake and the consequences. It is very probable that a telephone call by either the court or opposing counsel would have allowed the trial to commence within an hour or two of its scheduled time.

█ In *Schulte, supra,* and *Horobec v. Mueller,* 628 S.W.2d 942 (Mo.App.1982) we dealt with mistakes as least as blameworthy as that found here and we reversed in both cases the trial court's failure to set aside the judgments. Plaintiff relies upon *Cotleur, supra.* That case arose under the more stringent requirements of Rule 74.06(b) where the judgment was final when the motion was filed. The case before us presents the least stringent requirements. "Good cause" existed for setting aside the interlocutory judgment and the trial court abused its discretion

in denying defendant's motion.[2]

Judgment reversed and cause remanded.

CRANE, P.J., and PUDLOWSKI, J., concur.

2. In lieu of entering a judgment against a party, a trial court could consider whether a sanction should be imposed for the failure of counsel to timely appear. In determining whether to impose a sanction, the trial court should consider the totality of the circumstances, including counsel's past timeliness and professionalism, or lack thereof.

If a sanction is imposed, it could be as little as a reprimand to as much as a monetary assessment. In considering what sanction to impose, the trial court could consider the inconvenience and expense incurred by the opposing party and counsel, the cost to the county for the jury fees, any witness inconvenience and expenses, and any other inconvenience or expense directly resulting from the trial court's inability to proceed with the jury trial at its scheduled time.