Steve **COWGER, Appellant,**

v.

**Lynn LIVINGSTON, Respondent.**

No. WD 65369.

Missouri Court of Appeals, Western District.

Jan. 31, 2006.

William Garry Cownie, Lees Summit, MO, for Appellant.

Sharon M. Westhoff, Harrisonville, MO, for Respondent.

Before ROBERT G. ULRICH, P.J., PATRICIA A. BRECKENRIDGE, and JAMES M. SMART, JR., JJ.

JAMES M. SMART, JR., Judge.

Steve Cowger appeals the trial court's order setting aside the child support portion of a judgment in a paternity case. He says the trial court erred in granting the motion to set aside because the movant did not set forth facts sufficient to establish good cause and a meritorious defense, as required by Rule 74.05(d). Because the trial court vacated the judgment within the thirty-day period during which it retains jurisdiction, the judgment never became final. Accordingly, we lack jurisdiction. We dismiss the appeal.

## Background

In September 2004, Appellant Steve Cowger (Father) filed a petition seeking declaration of paternity and an order of support for the minor child Mikaila Livingston, who was born in May 1998. Respondent Lynn Livingston (Mother) was served with the petition and summons on October 7, 2004, as "Next Friend" of Mikaila Livingston and in her own capacity. The summons informed Mother that she had thirty days within which to file a responsive pleading or else a default judgment may be taken against her. Mother did not file a responsive pleading.

In March 2005, Father's attorney sent Mother a copy of a Notice of Hearing. The hearing was held on March 14. Mother appeared without counsel. No transcript from that hearing is included in the record on appeal. On that same day, the court entered a Judgment and Order of Paternity. The order declared Steve Cowger to be the biological father of seven-year-old Mikaila Livingston. The court granted Mother sole legal and physical care, custody, and control of the child and ordered her to maintain health insurance on Mikaila. The court ordered Father to pay child support of $250 per month, beginning in August 2005.

On March 31, counsel for Mother filed a Motion to Set Aside the Judgment and Order. The motion alleged that "Respondent was not [previously] represented by counsel and believes justice would best be served if the Judgment and Order were set aside in accordance with [Supreme Court] Rule 74.05[.]"[1] In Father's suggestions in opposition, he claimed that Mother had not complied with the requirements of

---

1. All rule references are the Missouri Rules of Civil Procedure 2005, unless otherwise indi- cated.

Rule 74.05 because she did not set forth facts that established good cause and a meritorious defense.

The court conducted a hearing on Mother's motion to set aside on April 11, 2005. Both parties appeared in person and with counsel. After hearing argument from counsel, the court stated: "The Respondent's motion to set aside the child support portion of the March 14th Order is granted, and we need to have a date set for a hearing so I can hear all of the evidence." [2] That same day, the court ordered the child support portion of the judgment set aside. Father appeals that order.

### Father's Arguments

Father brings two points on appeal. He says the trial court erred in granting Mother's motion to set aside, because she failed to properly plead and failed to demonstrate reasonable diligence or good cause and a meritorious defense, as is required under Rule 74.05(d). That rule permits a court to set aside a default judgment upon a motion which states facts constituting a meritorious defense and shows good cause for failing to file a responsive pleading. *Comstock v. Comstock,* 91 S.W.3d 174, 176 (Mo.App.2002). Both must be shown. *Id.* Father says Mother's motion to set aside, which merely stated that she "was not represented by counsel and believes justice would best be served if the Judgment and Order were set aside in accordance with Rule 74.05," did not satisfy the pleading requirements. Father points out, citing *Great S. Sav. & Loan Ass'n v. Wilburn,* 887 S.W.2d 581, 583 (Mo. banc 1994), that a defendant is not entitled to have a default judgment set aside if the motion to set aside lacks facts relevant and material to a showing of good cause and a meritorious defense. Father also contends that Mother failed to introduce any evidence at the hearing to establish a meritorious defense or good cause for her failure to respond. He asks this court to reverse the erroneous ruling.

### Dismissal

■■■ Although neither party has questioned this court's jurisdiction over this appeal,[3] we have a duty to determine our appellate jurisdiction *sua sponte. See McElroy v. Eagle Star Group, Inc.,* 156 S.W.3d 392, 398 (Mo.App.2005) (*citing Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997)). The right of appeal in Missouri is purely statutory, and, in the absence of specific statutory authority, no appeal will lie from a ruling that does not constitute a final disposition of the case. *Altman v. Werling,* 509 S.W.2d 787, 788 (Mo.App.1974).

Supreme Court Rules 74.05 and 75.01 provide procedural means by which to set aside judgments, each rule having its own standard for relief. *Cotleur v. Danziger,* 870 S.W.2d 234, 236 (Mo. banc 1994).[4]

---

**2.** The court referred to the judgment as a default judgment because Mother failed to file a responsive pleading. Rule 74.05(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules ... a judgment may be entered against the defaulting party." Mother did appear at the time of the hearing, but the record does not reflect whether she "defended." It is not clear that this was a true default judgment; but both parties regard it as such. Also, for reasons explained more fully in this opinion, the effect of the court's action in setting aside the judgment is the same whether or not it was a true default.

**3.** Mother did not file a brief and is not presently represented by counsel in this appeal.

**4.** The *Cotleur* opinion also examines Rule 74.06, which it calls "the highest standard" for obtaining relief from a judgment. 870 S.W.2d at 236. That rule is not pertinent to this appeal, however, and need not be discussed.

"Rule 75.01 contains the least stringent standard because it inheres while the trial court retains jurisdiction of the case." *Id.* Pursuant to Rule 75.01, the trial court may set aside its judgment for good cause before it becomes final. As noted, Rule 74.05(d) permits a court to set aside a default judgment if the defaulting party can show "good cause" for the default and "facts constituting a meritorious defense." *Id.*

■ Here, Mother moved to have the judgment set aside pursuant to Rule 74.05. She could also have moved under Rule 75.01, which has the "least stringent standard" for setting aside the judgment. In any event, "if a trial court sets aside the default judgment within the initial thirty days, [it] is deemed to have acted on its own initiative even though the order refers to the party's motion to set aside and sustains it." *Obermann v. Obermann,* 701 S.W.2d 162, 164 (Mo.App.1985). Because the court in this case acted within the thirty days during which it retained jurisdiction over the judgment, we deem it to have acted on its own initiative. The court had the discretion to vacate its earlier judgment on its own initiative under Rule 75.01.

That rule provides that "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01. Here, the original hearing was held on March 14, 2005, and judgment was entered on that day. Mother promptly retained counsel and filed her motion to set aside on March 31. A hearing was convened on Mother's motion on April 11. The motion was granted that day. Thus, the judgment was set aside within the thirty-day period during which the court retained control under Rule 75.01.

■ Rule 75.01 expressly requires "good cause" and "an opportunity to be heard" for the court to vacate or modify a judgment. *See Cotleur,* 870 S.W.2d at 236; *Klaus v. Shelby,* 4 S.W.3d 635, 637 n. 1 (Mo.App.1999). Both are present here. The court called a hearing on the motion to set aside. Both parties were present and represented by counsel. Mother's counsel reminded the court that Mother had been unrepresented in the earlier proceeding, and that the court, after entering the child support order, advised Mother that "she had thirty days to get a lawyer and file a motion to set it aside." Mother's counsel then informed the court:

> [Mother] brought to my office paperwork showing that [Father] receives hundreds of thousands of dollars each year in subsidies from the United States Government in his farming operation, and I think that it is imperative that the Court hear that information. So I am asking the Court to set aside its judgment.

Mother's counsel also informed the court that there was an Administrative Order for $1,500 per month for child support. Father's counsel responded that the order had been set aside "in the first petition for review." The court determined that the parties should "have their day in court." The court granted the motion to set aside and set a hearing date in order to "hear all of the evidence."

■ We do not have a transcript from the original hearing or any records from the administrative proceedings to which the parties allude in their arguments. The transcript of the hearing on the motion to set aside shows, however, that the court had reason to believe there existed additional information that would be pertinent to the setting of a correct amount of child

support. "Good cause" under 75.01 is not necessarily the same concept as "good cause" under 74.05. Rule 74.05 always looks specifically to the actions of the defendant in failing to defend. Rule 75.01, on the other hand, sometimes looks to the whole case, not merely the actions of the defendant. "Good cause" in the context of Rule 75.01 "refers to a remedial purpose" and "is interpreted liberally in order to avoid manifest injustice." *Stroup v. Leipard,* 981 S.W.2d 600, 603 (Mo.App.1998). Appellant here focuses his "good cause" argument strictly on the failures of Ms. Livingston, and ignores other considerations which could have reasonably influenced the court within its discretion. We conclude, therefore, that Appellant fails to show that the court did not have "good cause" to set aside its earlier judgment so that all the relevant evidence could be presented at a hearing on the merits.

■ "In general, '[a] prerequisite to appellate review is that there be a final judgment.'" *McElroy,* 156 S.W.3d at 398 (citation omitted). Rule 75.01 permits the court, during the thirty-day period after entry of judgment, to vacate, reopen, correct, amend, or modify its judgment. *Altman,* 509 S.W.2d at 788. During that thirty-day period, the court retains jurisdiction and the judgment is not yet final. *McElroy,* 156 S.W.3d at 399. At the expiration of the thirty-day period, the judgment becomes final. *Klaus,* 4 S.W.3d at 637.

■ If a trial court acts within its authority (for "good cause") to set aside a default judgment within the period during which it retains control, the judgment never becomes final. *Id.* at 638. The judgment, therefore, is not appealable, because the appellate court has jurisdiction only over final judgments. *Id.* at 638–39.

Here, the trial court exercised its discretion under Rule 75.01 to vacate the earlier judgment. It did so for good cause and after hearing within the thirty-day period during which the court retains control over the judgment. Thus, the judgment never became final. Without a final judgment, an appellate court lacks jurisdiction to hear the appeal. *See id.; Altman,* 509 S.W.2d at 788. The appeal must be dismissed.

ULRICH and BRECKENRIDGE, JJ., concur.