

# Missouri Court of Appeals

## Southern District

### Division One

In re the Adoption of L.A.M.K.,   )
            )
C.M.J. and J.A.J.,      )
            )
    Respondents,   )
            )
    vs.       )  No. SD33912
            )
B.G.R.,        )  FILED: February 25, 2016
            )
    Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF CEDAR COUNTY

### Honorable James R. Bickel, Judge

(*Before Scott, P.J., Bates, J., and Sheffield, C.J.*)

## REVERSED AND REMANDED

PER CURIAM. We reverse a step-parent adoption judgment that terminated parental rights and remand for further proceedings.[1]

---

[1] We refer to key parties only as "Father," "Mother," and "Child" to maintain privacy. For convenience, we omit most references to Mother's spouse, who was co-petitioner for adoption and the proposed step-parent. Mother did not favor us with a brief, so we do not have the benefit of any explanation or insight she might have offered. Rule references are to Missouri Court Rules (2015).

## Background

Child was born out of wedlock to Father and Mother in 2010. The parents later broke up and Father moved away, but paid child support.

In 2014, Father filed a Cedar County action to establish his paternity. Mother then filed a separate Cedar County action for step-parent adoption and to terminate Father's parental rights.

All lawyers, including the appointed GAL, believed Father had timely filed and served his answer to Mother's petition. In fact, although Father's counsel served the answer on all attorneys, it was not filed with the court.

The GAL filed a motion for cost deposit and noticed it for hearing on April 13, 2015. Father's counsel, knowing also that Mother's counsel planned that day to request a future trial setting, did not attend the motion hearing and assumed that trial would be set for the next Cedar County juvenile court day.

In court on April 13th, it apparently came to light that Father's answer had been served, but not also filed.[2] Mother took judgment that day for the relief sought in her petition, including termination of Father's parental rights.

---

[2] We glean this from a colloquy at the hearing on Father's motion to set aside the judgment:

> [FATHER'S COUNSEL]: I understand [the GAL's] suggestions that a cost deposit for some fees might be appropriate in a case like this, however, [Mother's counsel] was here on that date at any rate, and so far as I know, she intended to take up a Motion for a Trial Setting. And then apparently, our position would be, she realized that my Answer was defective.
>
> [MOTHER'S COUNSEL]: I was told by the Judge.
>
> [FATHER'S COUNSEL]: Okay, you were told by the --
>
> [MOTHER'S COUNSEL]: [The GAL] and I said that we thought you had filed an Answer.
>
> [FATHER'S COUNSEL]: Okay.
>
> [MOTHER'S COUNSEL]: No, we were very forth right with the Court.

2

Father immediately moved to file his answer out of time and, eight days later, to set aside the judgment. The latter motion cited no specific court rule, but alleged excusable neglect in not filing the answer and a meritorious defense in that Father was paying child support and had been denied contact with Child.

After a May 11 hearing, the trial court denied Father's motions, finding that his default was not excusable and that he had no meritorious defense.

### *Cotleur v. Danziger*

"*Supreme Court Rules 74.05, 74.06, and 75.01* each provide procedural means by which to set aside judgments, each rule having its own standard for relief." ***Cotleur v. Danziger***, 870 S.W.2d 234, 236 (Mo. banc 1994).

- "*Rule 75.01* contains the least stringent standard because it inheres while the trial court retains jurisdiction of the case. The trial court may set aside its judgment before it becomes final, for 'good cause.' *Rule 75.01.*"

- "*Rule 74.05(c),* governing defaults, requires more, allowing a court to set aside a default judgment for 'good cause' *if* the party can show 'facts constituting a meritorious defense.'"

- "Finally, *Rule 74.06(b),* as pertinent here, allows a court to set aside a final judgment after a court has ruled on the merits of a case, but only if the party is able to show excusable neglect. *Rule 74.06(b)* is, therefore, read to require the highest standard of the three rules for setting aside a judgment, giving effect to the interests in stability of final judgments and precedent."

***Cotleur,*** 870 S.W.2d at 236 (re-formatting with bullet points ours).[3]

---

[3] Failure to cite a specific rule "does not preclude judicial review of the motion." ***Bothe v. Bothe***, 266 S.W.3d 321, 324 n.6 (Mo.App. 2008).

## Analysis

Even had Father needed to show a meritorious defense to have the judgment set aside, the trial court erred in proceeding to decide "the believability of witnesses and testimony" and rule credibility issues against Father in denying relief.[4] Movants who must show a meritorious defense need only allege appropriate facts; the credibility of supporting witnesses and evidence is determined after the judgment is set aside at a subsequent trial on the merits, not at this stage. *See* ***T.T. v. Burgett***, 380 S.W.3d 577, 580-81 (Mo.App. 2012); ***Sastry v. Sastry***, 302 S.W.3d 264, 267 (Mo.App. 2010); ***Pyle v. FirstLine Transp. Sec., Inc***., 230 S.W.3d 52, 60 (Mo.App. 2007); ***Marriage of Balough***, 983 S.W.2d 618, 624 n.8 (Mo.App. 1999).

That said, Father's set-aside motion was filed and ruled within the 30 days that the trial court retained control over the judgment, so Rule 75.01 applies. ***Bothe***, 266 S.W.3d at 324-25 (citing cases); ***Brueggemann v. Elbert***, 948 S.W.2d 212, 214 (Mo.App. 1997).[5] This provides the easiest standard to set aside a judgment. It

---

[4] We quote the court's statements at the close of the hearing:

> THE COURT: Well, here is what the Court is reviewing: I have to make a determination as to the believability of witnesses and testimony. The testimony at the hearing was that Mr. Getz-Reel had, I guess, in fact, yes, in fact paid child support, but made no efforts to have visitation.
>
> The Court did review the paternity case that was filed and when [sic] I was asked to take judicial notice of. It was filed September 10th. Answer was filed in October. But nothing was done on behalf of anyone until February, some five months after the filing when the interrogatories were served. There was never an application for any visitation.
>
> The Court believes that the allegation of a meritorious defense fails.

[5] The judgment was not based upon default *nihil dicit* and is not subject to Rule 74.05(d) because, on the April 13 motion hearing date, the trial court and other attorneys proceeded with a trial and presentation of Mother's evidence as though Father's answer had been filed. *See* ***Weidner v. Anderson***, 174 S.W.3d 672, 679-80 (Mo.App. 2005). Rule 74.06 applies to final

requires only "good cause," but no need to show a meritorious defense (as in Rule 74.05(d)) or "excusable neglect" by counsel (see Rule 74.06(c)). ***Brueggemann***, 948 S.W.2d at 214.

Rule 75.01 is not just an easier standard overall; it also invites a broader view of "good cause." ***Cowger v. Livingston***, 182 S.W.3d 783, 788 (Mo.App. 2006). "Rule 74.05 always looks specifically to the actions of the defendant in failing to defend," ***id***., as the trial court did here.[6] But Rule 75.01 can look to the whole case, not just the defendant's actions, ***Cowger*** 182 S.W.3d at 788, with "good cause" interpreted so as "not only to prevent a manifest injustice but to avoid a threatened one especially in cases tried without a jury *where evidence on one side only is presented.*" ***Brueggemann***, 948 S.W.2d at 214 (quoting ***Dattilo v. Am. Family Ins.***, 902 S.W.2d 361, 362 (Mo.App. 1995)) (our emphasis).

We need not reach other potential bases for appellate relief. Had the trial court realized the proper legal standard, we are confident that it would have set aside its termination of Father's parental rights; to do otherwise in these circumstances would amount to an abuse of discretion. Pursuant to Rule 84.14 and in the interest of judicial economy, we reverse the judgment and remand the case for further proceedings. All pending motions are denied.

---

judgments. ***Brueggemann***, 948 S.W.2d at 214. This judgment did not become final until after Father's motion and the trial court's denial thereof. Thus, Rule 75.01 applies. ***Id***.

[6] Again quoting the trial court at the end of the May 11 hearing: "I think that their Motion to Set Aside was timely made, but the issue of whether a new secretary didn't know about E-filing, as opposed to faxing, I can't take that as being a valid excuse."