

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | |
|---|---|
| BETTY JANE IRVIN, Co-Trustee, and SYDNEY MEEK, Co-Successor Trustee, Trustees of the LEONARD E. IRVIN INTER VIVIOS TRUST DATED JULY 19, 2004, AS AMENDED AND RESTATED AND BETTY JANE IRVIN, Individually,<br><br>    Respondents,<br><br>vs.<br><br>JIMELE PALMER, and JOYCE PALMER,<br><br>    Appellants,<br><br>LARRY D. WEBB,<br><br>    Defendant. | No. ED106306<br><br>Appeal from the Circuit Court of Pike County<br>17PI-CC00046<br><br>Honorable Chris K. Mennemeyer<br><br>Filed: May 7, 2019 |

## OPINION

The Palmers (appellants Jimele Palmer and Joyce Palmer) appeal the trial court's denial of their motion to set aside the default judgment entered against them and in favor of the Irvins (respondents Betty Jane Irvin, in her individual capacity and as co-trustee of the Leonard E. Irvin Trust (the Trust), and Sydney Meek, successor co-trustee). Because we find no error in the trial court's denial of the Palmers' motion to set aside the default judgment, we affirm.

## Background

### 1.    *The underlying dispute.*

The underlying dispute here concerns the ownership of a parcel of real property located in Pike County, Missouri. On August 7, 2017, the Irvins sued the Palmers seeking to void a quitclaim deed that purported to convey ownership of the parcel from the Trust to the Palmers.[1] The suit alleged that the Palmers exerted undue influence over Leonard E. Irvin which induced him, as co-trustee of the Trust, to execute a power of attorney giving the Palmers the authority to quitclaim the property to themselves, which they did on November 6, 2014. The suit also alleged that the Palmers exerted undue influence over Betty Irvin to induce her to execute the quitclaim deed in her capacity as co-trustee.[2] Leonard E. Irvin died in October 2016.

### 2.    *Default judgment-related procedural events.*

The Palmers were served with the summons and petition on August 28, 2017. On September 14, 2017, the Palmers' attorneys filed with the court an entry of appearance and requested, on the Palmers' behalf, thirty additional days to respond to the petition. The court granted the request and ordered the Palmers to file their responsive pleading on or before October 13, 2017. No responsive pleading was filed by that date. On October 23, 2017, the Irvins moved for judgment by default. Neither the Irvins nor their counsel notified the Palmers formally through service of the motion for default judgment or by informally communicating their intentions to the

---

[1] The Irvins' petition also named Larry D. Webb as a defendant and sought to cancel Webb's rental contract on the property. They dismissed that count and it is not before us.

[2] Based on the record in a prior proceeding involving these parties, we take judicial notice that Leonard Irvin was approximately 100 years old and Betty Irvin was approximately 80 years old when the documents at issue here were executed. *See In re A.A.T.N.*, 181 S.W.3d 161, 168 (Mo.App.E.D. 2005).

Palmers or their attorneys. Later that day, the trial court heard and granted the Irvins' motion and entered a default judgment against the Palmers which voided the quitclaim deed.

Also the same day the default judgment was entered, the Palmers learned of its entry and filed their motion to set it aside pursuant to Rule 74.05(d)[3] claiming they had good cause for failing to timely file a responsive pleading and that they had meritorious defenses to the underlying lawsuit. The entirety of their allegation as to Rule 74.05(d)'s good cause element was that their counsel's "professional schedule and certain obligations" prevented him from filing an answer. As to the meritorious defense element, the motion alleged that the Palmers had "multiple meritorious defenses" to the petition, though the motion identified none. No affidavit was attached and the motion was not verified. Also on October 23, 2017, the Palmers submitted an answer, which they represented was "through leave of court" but no leave had been granted or was ever granted.[4]

On November 10, 2017, the Palmers filed an amended motion to set aside the default judgment. With regard to good cause, the motion repeated the same allegation as the original motion. Regarding the meritorious defense element, the Palmers again claimed "multiple meritorious defenses" but this time included the bare allegation that the disputed transaction was undertaken pursuant to a valid power of attorney. However, no document purporting to be the power of attorney mentioned in the motion was attached or offered at the hearing on the motion. Likewise, the amended motion was not accompanied by any affidavit and was not verified.

---

[3] All rules references are to the Missouri Supreme Court Rules (2018).
[4] During oral argument here, counsel asserted that the "leave" was an aspirational request, not a statement of fact. Of this we are dubious since it was not framed as a request for leave and was not accompanied by a notice of hearing before the trial court.

3

On January 14, 2018, the trial court denied the Palmers' amended motion to set aside the default judgment. The trial court found that the Palmers "failed to show the existence of a meritorious defense" because the motion had no affidavit attached, it was not verified or signed by the Palmers, and because the Palmers failed to adduce any testimony whatsoever at the hearing.

On January 18, 2018, the Palmers filed a motion asking the court to reconsider its denial of their motion to set aside the default judgment. In that motion, the Palmers were silent as to the good cause element of Rule 74.05(d) and addressed only the meritorious defense element by attaching documents they assert granted them a power of attorney to execute the quitclaim deed, together with an affidavit attesting to the same. The trial court denied the motion to reconsider as well. This appeal follows.

## Discussion

I. *The trial court's ruling that the Palmers were not entitled to notice was not error.*

The Palmers assert that they were entitled to notice of the Irvins' motion for default judgment (1) because their counsel filed an entry of appearance, which they argue entitled them under Rule 43.01 to notice of all proceedings in the case, and (2) because the Irvins' counsel had an ethical and professional duty as a lawyer to notify the Palmers' counsel. We find no merit in either argument.

1. *Since they were in default, the Palmers were not entitled to notice of the default proceedings.*

Missouri courts have been resolute on this issue—once properly served, a party who defaults is charged with notice of all subsequent proceedings in the case. *Bredeman v. Eno,* 863 S.W.2d 24, 26 (Mo.App.W.D. 1993). Thus, a party in default has no right to notice of the default proceedings. *Id.*; *Doe v. Hamilton,* 202 S.W.3d 621, 624 (Mo.App.E.D. 2006).

4

The Palmers seek to evade this jurisprudence by arguing that the entry of appearance filed by their counsel entitled them to notice of all future proceedings, including Rule 74.05 default proceedings, even though they were in default. The Palmers' argument is premised on Rule 43.01, which requires parties to serve other parties with written motions and papers filed in connection with a case, with the exception that "[n]o service need be made on parties in *default for failure to appear.*" (emphasis added). The Palmers assert that because their counsel filed an entry of appearance they cannot be "in default for failure to appear" and were therefore entitled to notice of the proceedings.

The Palmers have misconstrued Rule 43.01 because in Missouri it is well settled that it is the failure to file a responsive pleading that causes a party to be in "default for failure to appear." *See State ex rel. Moore v. Ligons,* 532 S.W.3d 719, 721 (Mo.App.S.D. 2017) ("[Defendants] do not deny that they failed to timely respond to the First Petition within 30 days of service and that they were, therefore, 'parties in default for failure to appear.'").

The Palmers' counsel's entry of appearance is irrelevant to this question. *Matter of I.D. v. B.C.D.,* 941 S.W.2d 658, 661 (Mo.App.S.D. 1997). In *Matter of I.D.,* the court found that a party's entry of appearance was irrelevant to the question whether the party was in default for failure to appear because that status depended on whether the party had filed a timely answer or not. *Id.* Finally, we rely on two cases where the specific issue raised by the Palmers here has been resolved with the holding that a party that has entered an appearance but failed to file a timely answer is *not* entitled to notice. *See H.J.I. by J.M.I. v. M.E.C.,* 961 S.W.2d 108, 117 (Mo.App.W.D. 1998) (holding that party who waived service and entered an appearance but did not file a timely answer

5

was not entitled to notice); *Commerce Tr. Co. v. Morgan*, 446 S.W.2d 492, 493 (Mo.App.W.D. 1969) (holding that entries of appearance did not entitle defendants to notice under Rule 43.01).[5]

2.      *Irvins' counsel had no duty to notify Palmers' counsel of the default proceedings.*

The Palmers contend that as part of a lawyer's ethical duty of candor to other lawyers, Irvins' counsel owed the Palmers' counsel a duty to alert him that his clients were in default and that the Irvins' counsel intended to seek a default judgment. The Palmers further contend that the Irvins' counsel acted unprofessionally and unethically in this regard. We disagree.

The Irvins' counsel owed his clients undivided loyalty and the duty to advance their interests. *See Donahue v. Shughart, Thomson & Kilroy, P.C.*, 900 S.W.2d 624, 628 (Mo.banc 1995) ("Within the bounds of the law, the attorney's duty is solely to advance the client's interest."). When the Palmers failed to file a timely answer, Irvins' counsel's pursuit of a default judgment on behalf of the Irvins was certainly "within the bounds of the law" and advanced their interests in this case. And since he was not required under Missouri law to alert the Palmers' counsel or the Palmers because they were in default, the ethical duty of candor to opposing counsel is not implicated. As Judge Rendlen stated in his concurring opinion in *Sprung I*: "It appears that to require an attorney to inform his adversary of a default stands athwart the attorney's duty to zealously represent his client." *Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883, 893 (Mo.banc 1987) (Rendlen, J., concurring).

---

[5] We acknowledge the following language from *Herrin v. Straus*, 810 S.W.2d 593, 597 (Mo.App.S.D. 1991): "The language 'in default for failure to appear' . . . refers to parties who have never entered any appearance in the action, not to parties who have failed to answer the calendar or docket call." We find *Herrin* distinguishable (1) because it does not address the specific question raised here whether a party in default who files an entry of appearance is entitled to notice of Rule 74.05 default proceedings, and (2) because it was construing a different rule, Rule 74.03. *Id.* And the specific question before us is definitively addressed and answered by the on-point authorities cited herein. Nevertheless, to the extent *Herrin* may be interpreted to require notice of the default proceedings in this case, we decline to follow it.

6

We acknowledge the importance of civility, professionalism, and candor among members of the Bar. But ours is an adversarial system. And the boundary of those virtues lies at the point where the client's interests begin to suffer. Simply put, the client's interests may not be sacrificed at the altar of some unwritten rule of "professional courtesy" among the men and women of the Bar. To impose the duty the Palmers suggest would portend an endless number of ethical dilemmas for attorneys when they become aware of a critical mistake made by their opposing counsel—e.g., the running of the statute of limitations, the failure to file a mandatory pleading such as the response to a motion for summary judgment or to a request for admissions.

Just as we would not fault a lawyer for failing to inform an opposing colleague that the statute of limitations was set to expire on the colleague's client's claim, we cannot fault the Irvins' counsel for failing to inform the Palmers he was taking up default proceedings because no such duty exists under the law.

3.    *The Palmers have failed to demonstrate that the outcome would have been different if they had received notice.*

In their reply brief, the Palmers confidently declare that if they had received notice they would have filed a motion to file their answer out of time, and that it "beggars belief that the Trial Court would not have granted" that motion. We find the Palmers' confidence to be misplaced.

The Palmers failed to demonstrate to the trial court—as well as to this Court—that even if they had received notice and appeared at the hearing, that they would have had the right to any relief. The Palmers were in default and their only option before entry of the default judgment was to seek leave to file their answer out of time. Pursuant to Rule 44.01(b), such a request would have required the Palmers to demonstrate that their failure to file a timely answer was due to excusable neglect. To grant or deny the Palmers' request would have been within the sound discretion of the

7

trial court. *Manor Square, Inc. v. Heartthrob of Kansas City, Inc.*, 854 S.W.2d 38, 43 (Mo.App.W.D. 1993).

Excusable neglect is the failure to act "not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident." *State ex rel. Mylan Bertek Pharmaceuticals, Inc. v. Vincent*, 561 S.W.3d 68, 72 (Mo.App.E.D. 2018) (internal quotation omitted). Importantly, demonstrating excusable neglect is a higher burden than proving an action was not "recklessly designed to impede the judicial process" as required to show good cause to set aside a default judgment under Rule 74.05(d), discussed *infra*.

And since, as we discuss below, the Palmers failed to carry their burden as to the good cause element of Rule 74.05(d), there is no reason to believe that the Palmers would have demonstrated excusable neglect, which is more onerous than good cause. *See In re Adoption of L.A.M.K. v. B.G.R.*, 490 S.W.3d 409, 411 (Mo.App.S.D. 2016) (noting that good cause is the "the easiest standard to set aside a judgment" as there is no need to show "excusable neglect" by counsel); *accord Brueggemann v. Elbert*, 948 S.W.2d 212, 214 (Mo.App.E.D. 1997).

In both the original motion and in the amended motion to set aside the default judgment, the Palmers' sole assertion as to the good cause element, without any evidentiary or testimonial support, was that they failed to file a timely answer due to their counsel's "professional schedule and certain obligations." It is fair to assume therefore that had the Palmers filed a request for leave to file their answer out of time, they would have made the same assertion in support of their allegation of excusable neglect. Since this bare assertion is inadequate to satisfy the good cause element of Rule 74.05(d), we are dubious that it would satisfy the more stringent excusable neglect standard. *See Vincent*, 561 S.W.3d at 72.

8

The Palmers' first point is denied.

*II.* *The trial court was within its discretion to deny the Palmers' motion to set aside the default judgment.*

The Palmers next assert that the trial court abused its discretion in denying their motion to set aside the default judgment under Rule 74.05(d). We disagree.

*1.* *The trial court's discretion under Rule 74.05(d).*

A motion to set aside a default judgment is governed by the sound discretion of the trial court. *Klaus v. Shelby*, 42 S.W.3d 829, 831 (Mo.App.E.D. 2001). We will interfere with that discretion only if the record convincingly demonstrates an abuse. *Id.* While we afford the trial court broad discretion in granting a motion to set aside a default judgment and only narrow discretion in denying a motion to set aside a default judgment, a party moving to set aside a default judgment has the burden of proof to convince the trial court that they are entitled to relief. *Hinton v. Proctor & Schwartz, Inc.*, 99 S.W.3d 454, 458 (Mo.App.E.D. 2003). And, although the law favors a trial on the merits, such a generalization must be carefully applied to the facts of each case in the interest of justice; for, the law defends with equal vigor the integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof. *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97, 100 (Mo.banc 1989) (citing *Luce v. Anglin*, 535 S.W.2d 504, 507 (Mo.App. 1976))

In order to set aside a default judgment under Rule 74.05(d), the moving party must establish: (1) a meritorious defense to the suit; (2) good cause for failing to respond to the petition; and (3) that the motion was filed within a reasonable time not to exceed one year. *Bryant v. Wahl*, 502 S.W.3d 9, 13 (Mo.App.W.D. 2016). However, a motion to set aside a default judgment does not prove itself and "*must* be verified or supported by affidavits or sworn testimony produced at

the hearing on the motion." *Court of 5 Gardens Condo. Ass'n v. 10330 Old Drive, LLC*, 326 S.W.3d 834, 837 (Mo.App.E.D. 2010) (emphasis added).

2.      *The Palmers failed to establish they had good cause for failing to file a timely answer.*

The Palmers' conclusory and uncorroborated allegations are insufficient to satisfy the good cause element of their motion to set aside the default judgment. The Palmers' counsel alleged merely that his "professional schedule and certain obligations" prevented him from filing an answer on time. These bare allegations lacked any evidentiary or testimonial support in the form of an affidavit, deposition or live testimony, or a verified motion. This lack of support is fatal to the Palmers' motion. *Court of 5 Gardens Condo. Ass'n,* 326 S.W.3d at 837.

Nevertheless, the Palmers assert that their counsel's *argument* at the hearing on their motion—that he thought his partner was responsible for filing the answer—satisfied their burden of proof. It did not. Argument of counsel regarding the good cause element is not competent evidence on which the court can base its decision to set aside a default judgment. *See Agnello v. Walker*, 306 S.W.3d 666, 673 (Mo.App.W.D. 2010) ("Walker's counsel *argued* the element of 'good cause' without any sworn testimony or other competent evidence.") (emphasis in original). Because the Palmers did not provide any substantial evidence to support their required showing of good cause the trial court did not err in denying their motion.[6]

---

[6] Even if the Palmers' amended motion had been verified, we would remain skeptical whether counsel's assertion that he failed to respond to the petition due to his "professional schedule and certain obligations" was sufficient to warrant relief. Although not onerous, the burden to establish good cause is on the party seeking escape from default. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 688 (Mo.banc 2007). Counsel's bare assertions are likely insufficient to establish that he did not act in a manner "recklessly designed to impede the judicial process." Rule 74.05(d); *Brungard*, 240 S.W.3d at 688.

*3.      The Palmers failed to establish that they had a meritorious defense to the underlying suit.*

The Palmers' failure to establish the meritorious defense element by verified motion, affidavit, or sworn testimony is likewise fatal to their position. *Court of 5 Gardens Condo. Ass'n*, 326 S.W.3d at 837. In their amended motion the Palmers alleged they had "multiple meritorious defenses" including that the disputed land transfer was valid because it was made pursuant to a valid power of attorney. But the Palmers did not present this power of attorney with their motion, they did not attach any affidavit attesting to facts supporting this defense, and they put on no testimony at the hearing to corroborate this allegation. *Argument* by counsel is not sufficient to establish a meritorious defense. *Agnello*, 306 S.W.3d at 673. Here, sufficient evidence was entirely lacking to corroborate any allegation of a meritorious defense. Accordingly, the Palmers did not satisfy their burden in establishing a meritorious defense and the trial court was correct in denying the motion for that reason.

*4.      The trial court properly exercised it discretion in denying the Palmers' motion to reconsider.*

The motion to reconsider was the Palmers' third bite at the apple. Their initial motion to set aside had vague, conclusory allegations as to the good cause and meritorious defense elements with no evidentiary support. Their amended motion had the same bare assertions as to good cause and with an amended allegation as to a meritorious defense in which they made mention of the power of attorney they claim authorized them to deed the parcel to themselves. But the amended motion still lacked any testimonial or evidentiary support which, as we have held, is fatal to their motion. Then, after the court heard and denied their motion to set aside the default judgment, the Palmers filed their motion to reconsider to which they attached what they asserted to be the power of attorney with an affidavit attesting to the same, all of which they claim constituted their meritorious defense to the Irvins' lawsuit.

11

The question becomes what procedural status the Palmers' motion to reconsider deserves. While motions asking trial courts to reconsider rulings are ubiquitous in Missouri courts, motions to reconsider have frequently been demeaned with the statement that a motion for reconsideration has no legal effect because no Missouri rule provides for such a motion. *Koerber v. Alendo Bldg. Co.*, 846 S.W.2d 729, 730 (Mo.App.E.D. 1992). However, in the context of a motion to reconsider a judgment, we have held that in order that an appellant not be denied substantive review of an appeal, a motion for reconsideration may be treated as a motion for new trial if timely filed. *Hinton*, 99 S.W.3d at 459.

Since trial courts are vested with wide discretion in passing upon motions for new trial, we find no abuse of discretion in the court's denial of the Palmers' motion to reconsider. *Brickner v. Normandy Osteopathic Hosp., Inc.*, 687 S.W.2d 910, 913 (Mo.App.E.D. 1985); *Court of 5 Gardens Condo. Ass'n*, 326 S.W.3d at 837 (trial court has discretion not to consider a verified motion to reconsider the denial of a motion to set aside default judgment).

Moreover, with respect to whether the court should have considered the power of attorney and supporting affidavit in connection with its decision on the Palmers' motion to set aside the default, we paraphrase the Court in *Hinton* which faced an identical circumstance to this one. *Hinton*, 99 S.W.3d 454. Like the defendants in *Hinton*, the Palmers "cite no authority obligating the trial court to address their additional evidence in determining whether [they] had met the pleading requirements of Rule 74.05(d)." *Id.* at 459. Additionally, "nothing in the record reflects that [the power of attorney] or the information in [the] affidavit was unavailable at the time" the Palmers filed their motion to set aside the default. *Id.* "Rather, the affidavit could have been attached . . . had [the Palmers] chosen to do so." *Id.* "Rule 74.05(d) provides for the setting aside of a default judgment by the trial court when the party requesting such relief meets certain

12

requirements in the *motion* requesting such relief, not in a motion for reconsideration after a judgment denying the motion requesting such relief." *Id.* at 459–60 (emphasis in original).

Therefore, the trial court acted within its discretion in denying the Palmers' motion to set aside the default judgment and the motion to reconsider.[7] The Palmers' second and third points are denied.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.[8]

James M. Dowd, Judge

Sherri B. Sullivan, P.J., and
Lawrence E. Mooney, J., concur.

---

[7] For the same reasons, we deny the Palmers' third point in which they argue that the judgment was against the weight of the evidence and that the court misapplied the law when it failed to consider the power of attorney documents attached to the motion to reconsider.

[8] We also deny as moot the Irvins' motion to strike certain documents contained in the legal file.