

# In the Missouri Court of Appeals
# Eastern District

## DIVISION I

JEANETTE A. VOGT, )
) No. ED113206
    Respondent, )
)
v. )
)
WALLS REAL ESTATE COMPANY, )
) Filed: September 30, 2025
    Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF ST. CHARLES COUNTY
### The Honorable Matthew E.P. Thornhill, Judge

### Introduction

Walls Real Estate Company (Walls Real Estate) appeals from the trial court's

judgment in favor of Jeanette A. Vogt (Vogt) on her claims for breach of contract and

unjust enrichment and on its counterclaim.  We affirm.

### Background

This case originated as a *pro se* small claims action filed by Vogt against Terrell

E. Walls d/b/a Walls Real Estate Company (Walls).[1]  Walls Real Estate filed a motion to

---

[1] A default judgment was initially entered in favor of Vogt against Walls Real Estate. Walls individually was dismissed from the cause of action.  Counsel entered an appearance on behalf of Walls Real Estate and the default judgment was set aside.

certify the case to circuit court, which was granted. Vogt was granted leave to amend her petition and filed a first amended petition, alleging claims of breach of contract and unjust enrichment. Walls Real Estate filed an answer, affirmative defenses, and a counterclaim. The parties agreed to set the matter for trial on September 10, 2024, but Walls Real Estate did not appear. Rather than extending a courtesy call to counsel for Walls Real Estate, the court proceeded to a trial on the merits. Vogt presented evidence in support of her claims by her testimony. She also orally requested her costs and attorneys fees.

On September 11, 2024, Walls Real Estate filed a motion to set aside any judgment that may be entered following the previous day's trial in its absence. Counsel argued that there was no indication he had abandoned his representation of Walls Real Estate, and for the court to "actually try the matter without even a courtesy phone call to undersigned by opposing counsel or the court, to ask whether he intended to come to court, try the case or let it go by default or whatever, is outrageous and an abuse of [] discretion." The only explanation for counsel and his client's absence at the mutually agreed upon trial date was his assumption "no prejudicial action would be taken on September 10, 2024," because he had yet to respond to outstanding discovery from Vogt.

On September 12, 2024, the court entered its judgment in favor of Vogt on her claims of breach of contract and unjust enrichment and on Walls Real Estate's counterclaim. The court awarded Vogt costs and attorneys fees as well. Walls Real Estate subsequently filed a motion for new trial, to reopen judgment, to take additional testimony, to make new findings of fact, and enter a new judgment. The trial court held a

2

hearing on December 9, 2024, and ultimately denied Walls Real Estate's motion the same day.  This appeal follows.

## Discussion

Walls Real Estate asserts two points on appeal.  In its first point, Walls Real Estate contends the trial court abused its discretion in denying its motion for new trial because it showed good cause resulting from a misunderstanding and mistake by counsel regarding the September 10 trial setting.  In its second point, Walls Real Estate claims the trial court erred in entering judgment in favor of Vogt on her claims and on Walls Real Estate's counterclaim because the court failed to require substantial evidence to support her claims.  Walls Real Estate also argues in its second point that the court erroneously awarded Vogt attorneys fees.[2]

## Point I

### *Standard of Review*

Point one asserts that the court abused its discretion in denying its motion to set aside the judgment.  The argument in point one centers largely on whether counsel established good cause for his failure to attend the September 10 trial. Thus, 75.01[3] is the appropriate rule under which we review Walls Real Estate's motion, because it provides,

---

[2] In response to point two, Vogt asserts the point is multifarious and contains three separate points of error.  Such multifarious points are not compliant with Rule 84.04(d) and preserve nothing for review.  *Librach v. Librach*, 575 S.W.3d 300, 307 (Mo. App. E.D. 2019) (internal quotation omitted).  We agree, but because we prefer to resolve the issue on the merits and meaningful review is possible, we exercise our discretion to review point two.  *Id*.

[3] All references to Rules are to Missouri Supreme Court Rules (2024).

in relevant part, that the trial court retains control over a judgment for thirty days following its entry and may vacate, reopen, correct, amend, or modify the judgment for "good cause." *See, e.g., Midwest Clearance Ctrs., LLC v. St. Louis Retail Outlet, LLC*, 679 S.W.3d 157, 165 (Mo. App. E.D. 2023) (Missouri courts have sometimes reviewed improperly designated rulings under other procedural rules where applicable), and *Brueggemann v. Elbert*, 948 S.W.2d 212, 214 (Mo. App. E.D. 2014).

The trial court's decision to set aside its judgment under Rule 75.01 is within the discretion of the court. *Brueggemann*, 948 S.W.2d at 214. We will not interfere with the decision absent an abuse of that discretion. *Id*. The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and so unreasonable and arbitrary as to shock the sense of justice and indicate a lack of careful consideration. *Cent. Am. Health Scis. Univ., Belize Med. Coll. v. Norouzian*, 236 S.W.3d 69, 75 (Mo. App. W.D. 2007) (quoting *In re Marriage of Hendrix*, 183 S.W.3d 582, 587 (Mo. banc 2006)). If reasonable individuals can come to different conclusions regarding the court's decision, we cannot find the court abused its discretion. *Id*.

### Analysis

Walls Real Estate contends the trial court abused its discretion in denying its post-judgment motion because it established good cause resulting from counsel's misunderstanding and mistaken belief that the court would not proceed to trial on September 10, 2024, because of its own failure to respond to discovery served by Vogt.

"Good cause" does not have a precise definition, but it is to be interpreted liberally. *Norouzian*, 236 S.W.3d at 76 (internal quotations omitted). It encompasses

4

conduct that is not "intentionally or recklessly designed to impede the judicial process." *Id*. (quoting *Brueggemann*, 948 S.W.2d at 214). Recklessness involves an element of "*conscious choice of a course of action*" with the knowledge it could result in the danger of entry of judgment. *Id*. at 78 (internal quotation omitted) (emphasis added).

Following the September 10 trial and prior to the court's judgment, counsel for Walls Real Estate filed a motion to set aside any judgment that may be entered. In the motion, he asserted that the parties agreed to a continuance on July 15, 2024. The order set the matter, by agreement of the parties, for trial on September 10, 2024. The only explanation given was the fact that Walls Real Estate had not responded to Vogt's discovery, which had been served in late July. The motion asserted that, "[i]n reliance on outstanding discovery," counsel "assumed" no prejudicial action would be taken on September 10, 2024. Based on that assumption, counsel made a conscious choice not to appear at the mutually agreed upon trial setting as ordered by the trial court in July. No other cause was provided for counsel and his client's failure to appear at the trial. The day after the court issued its judgment, Walls Real Estate filed a post-judgment motion, again arguing he did not believe the cause would proceed to trial on September 10.

Counsel's deliberate choice not to appear is distinguishable from a mistaken belief regarding the schedule considered by this court in *Brueggemann*. 948 S.W.2d at 213. There, the defendant and counsel failed to appear at a scheduled trial for claims arising from an automobile accident. *Id*. The court entered judgment in favor of the plaintiff, and the trial court denied defendant's subsequent motion to set aside and for new trial. *Id*. at 213-14. Unlike this case, our court noted that counsel for defendant had been in

5

communication with plaintiff's counsel the week prior to trial and had contacted the court regarding the possibility of settlement between the parties. *Id*. at 213. When settlement was not reached, defendant's counsel informed the court and was told a jury trial would proceed as scheduled. *Id*. The court called the case at 9 a.m., and defendant and counsel failed to appear. *Id*. In his motion for relief, counsel filed an affidavit stating he believed the trial began at 1 p.m. and told his client to meet him there at 11:30 a.m. *Id*. Counsel arrived at 11 a.m. *Id*. A docket entry reflected defendant and counsel's appearance at 12:45 p.m. *Id*.

Our court concluded in light of counsel's previous communication with both plaintiff's counsel and the court prior to trial, his appearance the same day with his client, and the fact he arrived prepared to try the case, including having subpoenaed witnesses for that day, the record did not indicate counsel's mistake concerning the time of trial was designed to intentionally or recklessly impede the judicial process. *Id*. at 214.

Unlike defendant's counsel in *Brueggemann*, here the record shows counsel did not have any communication with opposing counsel or the court prior to trial. Neither he nor his client, who resides in Kansas City, appeared at the court at any time on September 10. The record does not reflect, as in *Brueggemann*, counsel was actually prepared to try the case but merely mistakenly calendared it. Instead, not only was counsel aware of the trial setting, he agreed to it months before. Counsel's explanation for the failure to appear was his assumption the court would not proceed with the trial on September 10 because of his own failure to respond to discovery submitted to him by Vogt months before. Thus, based upon the record here, the trial court could have concluded counsel's

6

deliberate choice, made without any communication to opposing counsel or the court and with the knowledge judgment could result, was intentionally and recklessly designed to impede the judgment process. *See, e.g., Norouzian*, 236 S.W.3d at 79 (conduct evidencing disregard for status of the case was intentionally and recklessly designed to impede judicial process).

We agree the better practice would have been for the court, court staff, or Vogt's counsel to contact Walls Real Estate's counsel when he and his client failed to appear at the September 10 trial.[4] However, this lack of civility and common courtesy does not constitute reversible error. The trial court was free to exercise its considerable discretion to determine whether counsel's mistaken belief that the case would not proceed to trial on September 10, 2024, was not "good cause" pursuant to the mandate of Rule 75.01. Based upon the record before us, we cannot find that the court abused its discretion in refusing to set aside its judgment. Point one is denied.

## Point II

In its second and final point on appeal, Walls Real Estate claims the trial court erred in entering judgment in favor of Vogt on her claims for breach of contract and unjust enrichment and on its counterclaim, because the judgment was not supported by

---

[4] This principle is codified in the Missouri Supreme Court rules of professional conduct which apply to both judges and lawyers. A lawyer has the obligation to "zealously" protect and pursue his or her client's legitimate interests within the bounds of the law "while maintaining a professional, courteous, and civil attitude toward all persons involved in the legal system." Rule 4, preamble [9].

substantial and credible evidence.  In addition, point two claims the trial court erroneously awarded Vogt attorneys fees.

## *Standard of Review*

"On review of a court-tried case, we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Autumn Lakes Assoc. v. Tran*, 655 S.W.3d 442, 448-49 (Mo. App. E.D. 2022) (citing *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014)).

Substantial evidence sufficient to support these elements is evidence which, if believed, has probative force on each fact necessary.  *Id*. at 449 (quoting *Ivie*, 439 S.W.3d at 199).  Evidence has probative force if it tends to make a material fact more or less likely.  *Id*.  In order to constitute substantial evidence, testimony cannot be based on speculation without sufficient factual basis.  *Id*.  We view the evidence in the light most favorable to the judgment and we disregard all evidence to the contrary.  *Id*.

## Breach of Contract

Walls Real Estate contends none of the required elements of Vogt's claim for breach of contract were established by substantial evidence presented at the September 10 trial.  Specifically, Walls Real Estate argues there was no agreement in evidence under which it could be held liable to Vogt.

The elements of a breach of contract action are:  1) the existence and terms of a contract; 2) plaintiff's performance pursuant to the contract; 3) defendant's breach of the

8

contract; and 4) damages. *Bell v. Shelter Gen. Ins. Co.*, 701 S.W.3d 614, 618 (Mo. banc 2024) (internal quotation omitted).

During the trial, Vogt testified she met Walls at a meeting. He was a broker in Kansas City but was interested in opening a brokerage in the St. Louis area, where Vogt worked as a licensed real estate broker. Walls opened an office in the St. Peters area and Vogt acted as the managing broker for the office. She testified that they signed a manager's contract that provided for a $395 fee for transactions. She said she completed two transactions, but Walls Real Estate did not pay her the fee as set forth in the agreement. The agreement was also filed as Exhibit 1 to Vogt's first amended petition.

It is clear Vogt presented substantial evidence, based on more than simple speculation, of her claim of breach of contract. The unrebutted evidence at trial was that Vogt and Walls Real Estate entered into a managing broker agreement, she performed two transactions under the contract which would have resulted in Walls Real Estate's payment of the $395 fee, Walls Real Estate did not pay her, and therefore, she suffered monetary damage. Thus, Walls Real Estate's argument concerning the breach of contract claim fails.

**Unjust Enrichment**

Walls Real Estate also claims there was no substantial evidence to support the judgment on Vogt's claim for unjust enrichment. Walls Real Estate argues that Vogt failed to offer substantial evidence that she "in fact" made any payments to its benefit.

A claim for unjust enrichment requires proof of: "1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation of such benefit; and 3) acceptance and

retention of the benefit under circumstances that without payment would be inequitable." *Autumn Lakes Assoc.*, 655 S.W.3d at 449 (internal quotation omitted).

Here, Vogt testified to several expenditures she made to the benefit of Walls Real Estate. She paid initial rent expenses for the office from which Walls Real Estate was operating. She also paid fees for a monthly subscription to an electronic document management system which agents used for signatures and forms. Vogt also incurred expenses for two real estate owned properties in which the broker takes on the expenses for the care of the property and is later reimbursed. However, the reimbursement for these expenses as well as the commissions from their sale were made to Walls Real Estate, not Vogt. Vogt testified she also purchased a golf cart at Walls' request and rented a trailer to transport it. None of these expenses were reimbursed to Vogt.

It is clear from her testimony that Vogt incurred significant expenses to the benefit of Walls Real Estate. The company had an office from which to operate, an electronic system to manage documents for its use, expenses for properties that were ultimately sold, resulting in commission, and the use of a golf cart purchased by Vogt. While the better practice may have been to submit additional documentation concerning these expenses, Vogt's testimony was not speculative, but instead quite certain regarding the amounts spent to the benefit of Walls Real Estate. The retention of those benefits without payment to Vogt would be inequitable. Therefore, the trial court did not err in entering judgment in favor of Vogt on her claim for unjust enrichment.

10

## Attorneys Fees

In point two on appeal, Walls Real Estate also argues the trial court erred in granting Vogt's motion for attorneys fees because nothing in the record supports a departure from the "American Rule."

While we agree Missouri generally follows the American Rule, which provides that parties typically bear the expense of their own attorneys fees, a court may award fees to a prevailing party if a statute specifically authorizes such an award. *Green v. Plaza in Clayton Condo. Ass'n*, 410 S.W.3d 272, 280 (Mo. App. E.D. 2013) (citing *Lett v. City of St. Louis*, 24 S.W.3d 157, 162 (Mo. App. E.D. 2000)). Pursuant to Section 514.205.1 RSMo (2016), the court may award costs and fees incurred in defending a cause of action brought "frivolously and in bad faith." We will affirm the trial court's decision in this regard unless the court abused its discretion in doing so. *Robin Farms, Inc. v. Beeler*, 991 S.W.2d 182, 186 (Mo. App. W.D. 1999) (internal citations omitted). The trial court is considered an expert on the question of attorneys fees and because it is presumably acquainted with the issues involved, may award fees without the aid of evidence. *Green*, 410 S.W.3d at 279 (internal quotation omitted).

In its judgment the trial court found Walls Real Estate's assertion of a "meritorious defense" to have the initial default judgment set aside, its affirmative defenses to Vogt's first amended petition, its counterclaim, and certification to the circuit court were all done frivolously and in bad faith. Thus, the court awarded Vogt reasonable attorneys fees of $6,515 as well as her total costs of $589.92. Although Walls

11

Real Estate was not present for the September 10 trial at which Vogt requested such fees and costs, there was significant discussion of the matter at the hearing on Walls Real Estate's post-judgment motion. Thus, in light of our conclusion regarding point one on appeal, we cannot find that the trial court abused its discretion in determining Walls Real Estate's counterclaim and other defenses were done frivolously and in bad faith and awarding her fees and costs.[5]

As a result of the foregoing, point two on appeal is denied.

**Conclusion**

The judgment of the trial court is affirmed.

_____
LISA P. PAGE, JUDGE

Robert M. Clayton III, P.J. and
Michael E. Gardner, J., concur.

---

[5] In her brief, Vogt also requests we award her attorneys fees as a sanction for frivolous appeal. Vogt's request is denied.